## DIANNE L. SINNOTT *v.* GERALD D. SINNOTT
### (15642)

O'Connell, Spear and Hennessy, Js.

Submitted on briefs December 18, 1996—officially released January 21, 1997

*David M. Somers* filed a brief for the appellant (defendant).

*Laura A. Goldstein* filed a brief for the appellee (plaintiff).

PER CURIAM. The defendant appealed from the judgment of the trial court finding him in contempt of court for failure to comply with certain of the terms of the judgment dissolving his marriage to the plaintiff. The defendant claims that the trial court improperly (1) found the defendant in contempt of court, (2) exercised jurisdiction over the defendant's 401k plan, (3) excluded documentary evidence and refused to allow the defendant to call plaintiff's counsel as a witness, and (4) awarded counsel fees to the plaintiff. We affirm the judgment of the trial court.

The defendant has failed to present either a written memorandum of decision or a transcribed copy of an oral decision, signed by the court, stating its decision on the issues in the case and, if there were factual findings, the factual basis for its decision. See Practice Book § 4059. The defendant, as appellant, has the

responsibility to provide this court with an adequate record for review. Practice Book § 4061; *DeMilo* v. *West Haven,* 189 Conn. 671, 681, 458 A.2d 362 (1983); *Holmes* v. *Holmes,* 32 Conn. App. 317, 319, 629 A.2d 1137, cert. denied, 228 Conn. 902, 634 A.2d 295 (1993); *Connecticut Bank & Trust Co., N.A.* v. *Linsky,* 32 Conn. App. 13, 15, 627 A.2d 954 (1993); *Augeri* v. *Planning & Zoning Commission,* 24 Conn. App. 172, 178, 586 A.2d 635, cert. denied, 218 Conn. 904, 588 A.2d 1383 (1991). " 'This court recently noted that we cannot render a decision without first having "specific findings of fact to determine the basis of the court's ruling." *State* v. *Rios,* 30 Conn. App. 712, 715, 622 A.2d 618 (1993).' " *Gorneault* v. *Gorneault,* 34 Conn. App. 923, 924, 642 A.2d 734, cert. denied, 231 Conn. 911, 648 A.2d 152 (1994). We have consistently stated that it is the responsibility of the appellant to provide an adequate record for review and we see no reason to depart from that rule. We, therefore, decline to review this matter.

The judgment is affirmed.