# BRIGETTA ALIX *v.* ROBIN LEECH ET AL.
## (AC 15243)

Dupont, C. J., and Landau and Schaller, Js.

Argued January 16—officially released April 29, 1997

1

*Judith D. Meyer,* for the appellant (plaintiff).

*Mark R. Cramer,* for the appellee (named defendant).

*J. Michael Sconyers,* for the appellee (defendant Margot Jones).

*Opinion*

LANDAU, J. This is an appeal by the plaintiff, Brigetta Alix, following the trial court's denial of her motion of August 18, 1995, to open a judgment of that court rendered on July 5, 1995. On appeal, she claims that the trial court improperly refused to open its judgment on a showing of possible fraud.

The plaintiff alleged in her complaint dated June 23, 1995, that the defendants violated the Connecticut Fair Housing Act[1] and the Federal Fair Housing Act[2] by refusing to rent a single-family residence in Lakeville to the plaintiff and her three minor children. The plaintiff claims that the defendants discriminated against her on the basis of familial status. In conjunction with the complaint, the plaintiff sought, inter alia, temporary injunctive relief to prevent the defendants from renting the house to another tenant during the pendency of this lawsuit. On June 26, 1995, the court issued a temporary restraining order. On June 30 and July 5, 1995, the trial court conducted hearings regarding the injunctive relief. At the conclusion of the hearings on July 5, 1995, the trial court concluded that the defendants did not

---

[1] General Statutes § 46a-63 et seq.

[2] 42 U.S.C. § 3601 et seq.

discriminate against the plaintiff and, as a result, did not violate state or federal law. Accordingly, the trial court denied the plaintiff's applications for injunctive relief and all other claims for relief.

The plaintiff failed to file a timely appeal. She filed a motion to open the July 5, 1995 judgment on August 18, 1995, which was more than twenty days after the July 5, 1995 decision. The plaintiff, who was represented by counsel, claims that she was unaware that the trial court had rendered judgment on all the claims at issue, and that the trial court did not send the parties notice of its final judgment. The defendants do not dispute the plaintiff's contention that no notice of the trial court's orders was sent to the parties, but assert that notice was given in open court when the trial court stated in the presence of all counsel that all other claims for relief were denied.

On the appeal form, the plaintiff indicates that the date of judgment was July 5, 1995, and that she is appealing from the denial of her motion to open the judgment. On appeal, she raises issues that challenge both the underlying decision and the motion to open.[3] The denial of a motion to open is an appealable final judgment. *Mailly* v. *Mailly*, 13 Conn. App. 185, 188, 535 A.2d 385 (1988). Although a motion to open can be filed within four months of a judgment; Practice Book § 326; the filing of such a motion does not extend the appeal period for challenging the merits of the underlying judgment unless filed within the appeal period. See Practice Book § 4009 (b). "When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the

---

[3] In regard to the underlying decision, the plaintiff claims that the trial court improperly (1) rendered judgment on the entire case when only a motion for injunction was pending before it, (2) failed to consider adequately the facts and law, (3) failed to permit her to amend her pleadings and to conduct discovery, and (4) excluded evidence.

trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment." *Tiber Holding Corp.* v. *Greenberg*, 36 Conn. App. 670, 671, 652 A.2d 1063 (1995).

Because the date of the judgment was July 5, 1995, when the decision was announced in open court, the plaintiff is precluded from challenging the underlying judgment in this appeal and can test only whether the trial court abused its discretion in failing to open the judgment.

Our standard of review of a trial court's denial of a motion to open is well settled. " 'A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. See *Manchester State Bank* v. *Reale*, 172 Conn. 520, 523–24, 375 A.2d 1009 (1979); *State* v. *Fahey*, 147 Conn. 13, 15, 156 A.2d 463 (1959). In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. *State* v. *Bitting*, 162 Conn. 1, 11, 291 A.2d 240 (1971); *E. M. Loew's Enterprises, Inc.* v. *Surabian*, 146 Conn. 608, 612, 153 A.2d 463 (1959).' " *Walton* v. *New Hartford*, 223 Conn. 155, 169, 612 A.2d 1153 (1992). "The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." Id., 170.

The duty to provide us with a record adequate to afford review rests with the appellant. See Practice Book § 4061; *Holmes* v. *Holmes*, 32 Conn. App. 317, 319, 629 A.2d 1137, cert. denied, 228 Conn. 902, 634 A.2d 295 (1993); *Gelormino* v. *Blaustein*, 31 Conn. App. 750, 751, 626 A.2d 1325 (1993). Here, the plaintiff failed to provide us with an adequate record for review. The trial court denied the plaintiff's motion to open on

August 28, 1995. The plaintiff has failed to present either a written memorandum of decision or a transcribed copy of an oral decision, signed by the court, stating its reasons for failing to open the judgment. See Practice Book § 4059.

"We, therefore, are left to surmise or speculate as to the existence of a factual predicate for the trial court's rulings. 'Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court, either on its own or in response to a proper motion for articulation, any decision made by us respecting this claim would be entirely speculative.' " *Cohen* v. *Cohen*, 41 Conn. App. 163, 168–69, 674 A.2d 869 (1996), quoting *State* v. *Hoeplinger*, 27 Conn. App. 643, 647, 609 A.2d 1015, cert. denied, 223 Conn. 912, 612 A.2d 59 (1992).

Because the trial court did not articulate the factual or legal basis for its decision on the plaintiff's motion to open, we are precluded from reaching the issue of whether the trial court properly exercised its discretion. The record is inadequate for our review of this claim. See *Sinnott* v. *Sinnott*, 44 Conn. App. 153, 154, 687 A.2d 556 (1997); *Dime Savings Bank of Wallingford* v. *Cornaglia*, 33 Conn. App. 549, 553–56, 636 A.2d 1370, cert. granted, 229 Conn. 907, 640 A.2d 120 (1994) (appeal withdrawn October 17, 1994).

The judgment is affirmed.

In this opinion the other judges concurred.