EMIGRANT SAVINGS BANK *v.* JAMES W.
ERICKSON ET AL.
(AC 16162)

Foti, Schaller and Daly, Js.

Argued June 6—officially released July 29, 1997

---

*James M. Nugent,* for the appellants (defendants).

*Stewart I. Edelstein,* with whom, on the brief, were *Jennifer L. Chobor* and *Daniel S. Nagel,* for the appellee (plaintiff).

### Opinion

PER CURIAM. The defendants, James W. Erickson and Janice A. Erickson, appeal from the trial court's denial of the motion, filed by the defendant James Erickson, to open the judgment of strict foreclosure. The defendants make several claims that we need not address to resolve this appeal.[1]

The relevant facts necessary for a proper disposition of this appeal are as follows. In November, 1995, the plaintiff commenced the underlying proceedings to foreclose a mortgage on property owned by the defendants. On February 13, 1996, the trial court, *Thim, J.,* rendered a judgment of strict foreclosure and set the law day of April 16, 1996. On April 15, 1996, the defendant James Erickson filed for Chapter 7 bankruptcy protection, staying the foreclosure as to him. The law day, however, passed as to the defendant Janice Erickson. On May 30, 1996, the plaintiff obtained relief from

---

[1] On September 25, 1996, we ordered the parties to address in their briefs the issue of aggrievement as to Janice Erickson and the issue of James Erickson's standing to file the appeal. The plaintiff complied. The defendants, however, claim to have complied by "implicitly" addressing those issues in their brief.

the automatic bankruptcy stay without objection from the trustee, and filed a motion to open the judgment of strict foreclosure as to the defendant James Erickson only and to set new law days. On June 17, 1996, the trial court, *West, J.*, granted the motion, modified the judgment of strict foreclosure and set a new law day for James Erickson of July 16, 1996, with all prior orders remaining in effect. On June 28, 1996, a motion to open the judgment of strict foreclosure was filed. The text indicated that it was filed on behalf of James Erickson, but it was signed by counsel for "the defendant, Janice Erickson." On July 15, 1996, the trial court, *West, J.*, denied the motion. Both defendants thereupon filed the present appeal.

The defendants, as appellants, have the responsibility to provide this court with an adequate record for review. Practice Book § 4061; *DeMilo* v. *West Haven*, 189 Conn. 671, 681, 458 A.2d 362 (1983); *Sinnott* v. *Sinnott*, 44 Conn. App. 153, 154, 687 A.2d 556 (1997); *Connecticut Bank & Trust Co., N. A.* v. *Linsky*, 32 Conn. App. 13, 15, 627 A.2d 954 (1993). The defendants have failed to present either a written memorandum of decision or a transcribed copy of an oral decision signed by the court. See Practice Book § 4059 (a).[2] Additionally, the defendants have failed to file a transcript. We cannot render a decision without first having "specific findings of fact to determine the basis of the court's ruling." *State* v. *Rios*, 30 Conn. App. 712, 715, 622 A.2d 618 (1993). The appellants have not taken the necessary steps to sustain their burden of providing an adequate record for appellate review. See *Walton* v. *New Hartford*, 223 Conn.

[2] Practice Book § 4059 (a) provides in relevant part that "the court shall, either orally or in writing, state its decision on the issues in the matter. The court shall include in its decision its conclusion as to each claim of law raised by the parties and the factual basis therefor. If oral, the decision shall be recorded by a court reporter and, if there is an appeal, the trial judge shall order the decision transcribed and the transcript of the decision shall be signed by the trial judge and filed in the trial court clerk's office."

155, 165–66, 612 A.2d 1153 (1992). We, therefore, decline to review this matter.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.