CHASE MANHATTAN BANK/CITY TRUST *v.* AECO
ELEVATOR COMPANY, INC.
(AC 16700)

O'Connell, C. J., and Schaller and Hennessy, Js.

606

Argued March 3—officially released May 5, 1998

*Kevin L. Burns*, with whom, on the brief, was *Annmarie P. Briones*, for the appellant (defendant).

*Joseph J. Passaretti, Jr.*, for the appellee (plaintiff).

*Jon A. August*, for the appellee (intervening plaintiff).

*Opinion*

O'CONNELL, C. J. The plaintiff, Chase Manhattan Bank/City Trust (Chase Manhattan), brought this action against the defendant, AECO Elevator Company, Inc., for reimbursement of workers' compensation payments

made to John R. Huggins. Huggins, an employee of Chase Manhattan, was injured when he fell while stepping into an elevator installed and maintained by the defendant. Huggins intervened in the action as a coplaintiff seeking damages based on negligence. The defendant was defaulted for failure to appear, and following a hearing in damages, the trial court rendered judgment for Chase Manhattan in the amount of $39,878.50 and judgment for Huggins in the amount of $50,220.

The defendant sought to open both judgments, claiming that (1) it had no actual notice of the pendency of the action by Chase Manhattan, (2) it had not been properly served with Huggins' intervening complaint and (3) valid defenses existed at the time the judgments were rendered. The trial court initially granted the defendant's motion to open the judgment as to Chase Manhattan but, following reargument, reinstated that judgment. The trial court denied both the defendant's motion to open the judgment as to Huggins and its motion to reargue that motion. The defendant now appeals the trial court's refusal to open both judgments and its denial of the motion to reargue the motion to open the judgment as to Huggins. We affirm the trial court's judgments.

The duty to provide this court with a record adequate for review rests with the appellant. See Practice Book § 4007, now Practice Book (1998 Rev.) § 61-10; *State-wide Grievance Committee* v. *Clarke*, 48 Conn. App. 545, 547, 711 A.2d 746 (1998); *Holmes* v. *Holmes*, 32 Conn. App. 317, 319, 629 A.2d 1137, cert. denied, 228 Conn. 902, 634 A.2d 295 (1993); *Gelormino* v. *Blaustein*, 31 Conn. App. 750, 751, 626 A.2d 1325 (1993). In this case, the record is inadequate for review because we have not been provided with either a written memorandum of decision or a transcribed copy of an oral decision signed by the trial court, stating its reasons for

refusing to open the judgments or to allow reargument on the motion to open the judgment in favor of Huggins. See Practice Book § 4059 (a),[1] now Practice Book (1998 Rev.) § 64-1 (a).

Practice Book § 4059 (b),[2] now Practice Book (1998 Rev.) § 64-1 (b), clearly establishes the procedure to be followed by an appellant in the event that the trial court fails to comply with § 4059 (a). In the present case, the defendant did not avail itself of this procedure, thereby failing to ensure an adequate record for review.

Under these circumstances, "[w]e . . . are left to surmise or speculate as to the existence of a factual predicate for the trial court's rulings. Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by

---

[1] Practice Book § 4059 (a) provides: "Except in small claims actions and as provided in Sec. 4060, (1) in judgments in trials to the court in civil and criminal matters, (2) in decisions on aggravating and mitigating factors in capital penalty hearings conducted to the court, (3) in decisions upon motions to dismiss under Sec. 814, (4) in decisions on motions to suppress under Sec. 820, and (5) in decisions granting a motion to set aside a verdict under Sec. 320, and (6) in any other decisions which constitute a final judgment for purposes of appeal under Section 4000, but do not terminate the proceedings, the court shall, either orally or in writing, state its decision on the issues in the matter. The court shall include in its decision its conclusion as to each claim of law raised by the parties and the factual basis therefor. If oral, the decision shall be recorded by a court reporter and, if there is an appeal, the trial judge shall order the decision transcribed and the transcript of the decision shall be signed by the trial judge and filed in the trial court clerk's office."

[2] Practice Book § 4059 (b) provides: "If the trial judge fails to file a memorandum of decision or sign a transcript of the oral decision in any case covered by paragraph (a), the appellant may file with the appellate clerk a notice that the decision has not been so filed in compliance with paragraph (a). The notice shall specify the trial judge involved and the date of the ruling for which no memorandum of decision was filed. The appellate clerk shall promptly notify the trial judge of the filing of the appeal and the notice. The trial court shall thereafter comply with paragraph (a)."

us respecting [the defendant's claims] would be entirely speculative." (Internal quotation marks omitted.) *Alix v. Leech*, 45 Conn. App. 1, 5, 692 A.2d 1309 (1997); see also *State v. Rios*, 30 Conn. App. 712, 719–20, 622 A.2d 618 (1993) (*O'Connell, J.*, concurring).

This court has repeatedly emphasized the necessity of compliance with § 4059. See *Emigrant Savings Bank v. Erickson*, 46 Conn. App. 51, 53–54, 696 A.2d 1057, cert. denied, 243 Conn. 921, 701 A.2d 341 (1997); *Alix v. Leech*, supra, 45 Conn. App. 4–5; *Sinnott v. Sinnott*, 44 Conn. App. 153–54, 687 A.2d 556 (1997); *Dime Savings Bank of Wallingford v. Cornaglia*, 33 Conn. App. 549, 553–56, 636 A.2d 1370, cert. denied, 229 Conn. 907, 640 A.2d 120 (1994) (appeal withdrawn October 17, 1994); *Holmes v. Holmes*, supra, 32 Conn. App. 319–20; *State v. Rios*, supra, 30 Conn. App. 715–16; see also *Cohen v. Cohen*, 41 Conn. App. 163, 168–69, 674 A.2d 869 (1996); *State v. Hoeplinger*, 27 Conn. App. 643, 647, 609 A.2d 1015, cert. denied, 223 Conn. 912, 612 A.2d 59 (1992).

Because we have not been provided with the trial court's factual or legal basis for its rulings on the defendant's motions, we cannot reach the issue of whether the trial court acted properly. The record is inadequate for our review of the defendant's claims.

The judgments are affirmed.

In this opinion the other judges concurred.