## STATE OF CONNECTICUT *v.* JASON COMBS
### (AC 17666)

O'Connell, C. J., and Sullivan and Stoughton, Js.

Argued December 17, 1998—officially released February 9, 1999

*Ronald S. Johnson*, for the appellant (defendant).

*Nancy L. Chupak*, deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Anthony Troy Martin*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant appeals from the judgment of conviction rendered after he entered a conditional plea of nolo contendere, pursuant to General Statutes § 54-94a, to charges of possession of narcotics and sale of narcotics in violation of General Statutes §§ 21a-279a and 21a-277 (a). The defendant claims that the trial court improperly denied his motion to suppress certain evidence. We disagree and affirm the judgment of the trial court.

Because the defendant has not provided us with an adequate record for review, we decline to review his claims. The duty to provide this court with a record adequate for review rests with the appellant. Practice Book § 60-5; *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998). We have not been provided with either a written memorandum of decision or a transcribed copy of an oral decision signed by the trial court stating its reasons for denying the defendant's motion to suppress.

Practice Book § 64-1 (b) clearly establishes the procedure to be followed by an appellant.[1] In this case, the defendant did not follow that procedure, thereby failing to ensure an adequate record for review. Under these circumstances, "[w]e . . . are left to surmise or speculate as to the existence of a factual predicate for the trial court's rulings. Our role is not to guess at possibilities, but to review claims based on a complete factual

[1] Practice Book § 64-1 (b) provides: "If the trial judge fails to file a memorandum of decision or sign a transcript of the oral decision in any case covered by paragraph (a), the appellant may file with the appellate clerk a notice that the decision has not been filed in compliance with paragraph (a). The notice shall specify the trial judge involved and the date of the ruling for which no memorandum of decision was filed. The appellate clerk shall promptly notify the trial judge of the filing of the appeal and the notice. The trial court shall thereafter comply with paragraph (a)."

record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the defendant's claims] would be entirely speculative." (Internal quotation marks omitted.) *Alix* v. *Leech*, 45 Conn. App. 1, 5, 692 A.2d 1309 (1997); see also *State* v. *Rios*, 30 Conn. App. 712, 719–20, 622 A.2d 618 (1993) (*O'Connell, J.*, concurring).

This court has repeatedly emphasized the necessity of compliance with § 64-1. See *Emigrant Savings Bank* v. *Erickson*, 46 Conn. App. 51, 53–54, 696 A.2d 1057, cert. denied, 243 Conn. 921, 701 A.2d 341 (1997). Because we have not been provided with the trial court's factual or legal basis for its rulings on the defendant's motion to suppress, we cannot determine whether the trial court acted properly. The record is inadequate for our review of the defendant's claim.

The judgment is affirmed.