## CRYSTAL LAKE CLEAN WATER PRESERVATION ASSOCIATION *v.* TOWN OF ELLINGTON (AC 17577)

Schaller, Hennessy and Sullivan, Js.

Argued December 3, 1998—officially released May 4, 1999

*Robert C. DuBeau*, for the appellant (defendant).

*James W. Sherman*, for the appellee (plaintiff).

*Opinion*

SCHALLER, J. The defendant town of Ellington appeals from the judgment of the trial court granting injunctive relief in favor of the plaintiff Crystal Lake Clean Water Preservation Association. On appeal, the defendant claims that the trial court improperly rendered summary judgment and granted injunctive relief restraining the defendant from collecting property taxes on flowage rights that were assessed for the tax years 1987 through 1993. We reverse the judgment of the trial court.

The following facts are not in dispute. On May 18, 1995, the plaintiff purchased flowage rights located in the town of Ellington. The flowage rights allow the plaintiff to raise and lower a body of water known as Crystal Lake to a fixed level by the operation of a dam that the plaintiff operates located downstream in the town of Stafford. The dam is owned by the plaintiff and is not operated by water power. The plaintiff is not the fee owner of the land that the flowage rights encumber, but holds instead an easement on the land. From October 1, 1987, through October 1, 1996, the defendant assessed and levied taxes on those flowage rights.

On July 17, 1995, the plaintiff brought this action, consisting of three counts, to challenge the assessment of taxes on the flowage rights for the 1994 tax year. In count one, the plaintiff alleged excessive valuation.[1] In

---

[1] General Statutes (Rev. to 1995) § 12-117a provides in relevant part that "any person, including any lessee of real property whose lease has been

count two, the plaintiff alleged excessive valuation and also alleged that the flowage rights are not taxable in the town of Ellington under General Statutes § 12-119.[2] In count three, the plaintiff claimed a wrongful taking of property in violation of General Statutes §§ 48-6 (a)[3] and 48-12[4]. On February 12, 1997, the plaintiff moved for summary judgment on counts one and two. On April 3, 1997, the defendant moved for summary judgment on

recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes, claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment list for the assessment year commencing October 1, 1989, October 1, 1990, October 1, 1991, October 1, 1992, October 1, 1993, or October 1, 1994, may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court. . . ."

[2] General Statutes § 12-119 provides in relevant part: "When it is claimed that a tax has been laid on property not taxable in the town or city in whose tax list such property was set . . . the owner thereof or any lessee thereof whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes, prior to the payment of such tax, may, in addition to the other remedies provided by law, make application for relief to the superior court for the judicial district in which such town or city is situated. Such application may be made within one year from the date as of which the property was last evaluated for purposes of taxation . . . ."

[3] General Statutes § 48-6 (a) provides: "Any municipal corporation having the right to purchase real property for its municipal purposes which has, in accordance with its charter or the general statutes, voted to purchase the same shall have power to take or acquire such real property, within the corporate limits of such municipal corporation, and if such municipal corporation cannot agree with any owner upon the amount to be paid for any real property thus taken, it shall proceed in the manner provided by section 48-12 within six months after such vote or such vote shall be void."

[4] General Statutes § 48-12 provides: "The procedure for condemning land or other property for any of the purposes specified in sections 48-3, 48-6, 48-8 and 48-9, if those desiring to take such property cannot agree with the owner upon the amount to be paid him for any property thus taken, shall be as follows: The Comptroller in the name of the state, any town, municipal corporation or school district, or the trustees or directors of any state institution in the name of the state, shall proceed in the same manner specified for redevelopment agencies in accordance with sections 8-128, 8-129, 8-129a, 8-130, 8-131, 8-132, 8-132a and 8-133."

counts one, two and three, and opposed the plaintiff's motion for summary judgment on counts one and two. On May 16, 1997, the plaintiff amended its complaint to include the 1995 and 1996 tax years. The plaintiff also added a fourth count, challenging the assessment of tax from October 1, 1987, through October 1, 1993.[5] On June 20, 1997, the trial court, by written memorandum,[6] determined on the first and second counts that the plaintiff was the owner of nontaxable flowage rights and granted its motion for summary judgment, ordering injunctive relief. As to count three, the trial court determined that there was no taking of the plaintiff's property pursuant to §§ 48-6 and 48-12 and granted the defendant's motion for summary judgment.

Thereafter, the plaintiff moved for summary judgment and injunctive relief on the fourth count of the amended complaint. At the hearing on the plaintiff's motion for summary judgment, the defendant relied on its special defense that the plaintiff did not appeal the assessment within the one year limitation period prescribed in § 12-119. On August 18, 1997, the trial court, by oral decision, granted the plaintiff's motion for summary judgment and ordered injunctive relief in favor of the plaintiff with respect to count four. The court ordered the assessments removed from the tax lists for the years 1987 through 1993. Referring to its prior decision on counts one and two that the plaintiff was an owner of nontaxable flowage rights, the trial court concluded that § 12-119, in particular the one year statute of limitations, was not applicable to the plaintiff because it did not apply to the owners or lessees of flowage rights.[7] This appeal followed.

---

[5] These taxes, including interest and lien fees, now total $21,404.43.

[6] The trial court did not address the fourth count in its June 20, 1997 memorandum of decision because the plaintiff had not yet moved for summary judgment on that count.

[7] We note that the record does not contain either a written memorandum of decision or a transcribed copy of the oral decision, signed by the court,

The defendant does not challenge the determination that the flowage rights are nontaxable. Instead, the defendant claims that the plaintiff did not properly challenge the tax assessments pursuant to § 12-119. The defendant argues that because the plaintiff did not appeal from the assessment of taxes on the flowage rights in a timely manner, the trial court improperly rendered summary judgment and granted injunctive relief in favor of the plaintiff. We agree.

Our standard of review of a trial court's decision to grant a motion for summary judgment is well established. Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Miller* v. *United Technologies Corp.*, 233 Conn. 732, 744–45, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Rosario* v. *Hasak*, 50 Conn. App. 632, 637, 718 A.2d 505 (1998). "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) *General Accident Ins. Co. of America* v. *Powers, Bolles, Houlihan & Hartline, Inc.*, 50 Conn. App. 701, 707, 719 A.2d 77 (1998), cert. granted on other grounds, 247 Conn. 954, 723 A.2d 810 (1999).

with regard to the trial court's decision granting the plaintiff's motion for summary judgment on count four. See Practice Book § 64-1. "The duty to provide [the Appellate Court] with a record adequate for review rests with the appellant." *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998); see also Practice Book § 61-10. This court has declined to review claims where the appellant has failed to provide the court with an adequate record for review. *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, supra, 609; *Emigrant Savings Bank* v. *Erickson*, 46 Conn. App. 51, 54, 696 A.2d 1057, cert. denied, 243 Conn. 921, 701 A.2d 341 (1997). We review the defendant's claim, however, because the unsigned transcript does reveal the basis of the trial court's findings.

"On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Avon Meadow Condominium Assn., Inc.* v. *Bank of Boston Connecticut*, 50 Conn. App. 688, 693, 719 A.2d 66, cert. denied, 247 Conn. 946, 723 A.2d 320 (1998). Because the trial court rendered judgment for the plaintiff as a matter of law, our review is plenary and "we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." *Zachs* v. *Groppo*, 207 Conn. 683, 689, 542 A.2d 1145 (1988). "On appeal, however, the burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly erroneous." *2830 Whitney Avenue Corp.* v. *Heritage Canal Development Associates, Inc.*, 33 Conn. App. 563, 567, 636 A.2d 1377 (1994).

We are satisfied that no genuine issue of material fact exists and the defendant makes no claim to the contrary. In its affidavit, the plaintiff asserts that it is the owner of the flowage rights and that it is not the fee owner of the land over which the water flowed. The defendant, in its affidavit, asserts only that it has assessed taxes on the plaintiff's interest, but does not assert that the plaintiff is the fee owner of land. Furthermore, the trial court, with regard to counts one and two, found that the plaintiff is the owner of flowage rights only. The defendant contends on appeal that § 12-119 bars the plaintiff's claim because it was not brought "within one year from the date as of which the property was last evaluated for the purposes of taxation . . . ." General Statutes § 12-119. The plaintiff argues that the trial court properly determined that § 12-119 applies only to the owners of land, and, therefore, the statute

and its one year statute of limitations does not apply in this case.

Section 12-119 provides owners and lessees of property with a remedy to challenge a municipality's wrongful assessment of tax. *Wilson* v. *Kelley*, 224 Conn. 110, 118–19, 617 A.2d 433 (1992). Section 12-119 "embraces situations where a tax has been laid on property not taxable in the municipality where it is situated . . . ." (Internal quotation marks omitted.) Id., 119.[8] The pertinent question, therefore, is whether the statute's use of the term "property" includes the plaintiff's flowage rights.

In the present case, the assessed interest consists of the plaintiff's flowage rights. "The right of flowage is, after all, only an easement." *Great Hill Lake, Inc.* v. *Caswell*, 126 Conn. 364, 367, 11 A.2d 396 (1940). Therefore, the plaintiff is the owner of an easement that "merely authorizes the flooding, by an owner of a riparian dominant tenement, of land of the servient tenement which he does not himself own and therefore would otherwise have no right to overflow." *Gager* v. *Carlson*, 146 Conn. 288, 295, 150 A.2d 302 (1959).

We are not persuaded by the plaintiff's principal contention that § 12-119 pertains only to owners of land and, therefore, does not apply to the owner of an easement. It is clear that § 12-119 is the correct procedure for an aggrieved taxpayer to challenge the improper assessment of an easement. See *Hartford Electric Light Co.* v. *Wethersfield*, 165 Conn. 211, 213 n.1, 332 A.2d 83 (1973); *Connecticut Light & Power Co.* v. *Oxford*, 101 Conn. 383, 389, 126 A. 1 (1924). In *Hartford Electric*

---

[8] We note that § 12-119 also applies to "claims that assessments are (a) manifestly excessive and (b) . . . could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of the property." (Internal quotation marks omitted.) *Wilson v. Kelley*, supra, 224 Conn. 119.

*Light Co.*, our Supreme Court allowed a § 12-119 claim challenging the taxability of an easement that allowed the plaintiff to erect and maintain electrical power lines. In response to the defendant's abandoned claim that the trial court had no jurisdiction to entertain the action under § 12-119, the court stated that the statute is "decidedly the correct procedure for an aggrieved taxpayer to invoke where the questioned assessment is claimed to be illegal." *Hartford Electric Light Co.* v. *Wethersfield*, supra, 213 n.1. Furthermore, in *Connecticut Light & Power Co.*, our Supreme Court allowed a § 12-119 action to challenge the assessment of tax on an easement that was employed by the plaintiff to transport electricity over land via electric cables. In discussing the applicability of § 12-119, the court stated that the statute is to be "applied to any existing, unpaid tax . . . ." *Connecticut Light & Power Co.* v. *Oxford*, supra, 390. In light of the above cases, it is clear that the remedy provided by § 12-119 is not limited to owners of land, but is also the remedy prescribed for taxpayers to challenge the illegal assessment of an easement. The plaintiff's right of flowage is an easement; therefore, § 12-119 is the statutory remedy for challenging the assessment of the plaintiff's flowage rights.

Because § 12-119 is the proper remedy for the owners of flowage rights to challenge an illegal tax assessment, the one year limitation period applies. The statute requires that claims be brought "within one year from the date as of which the property was last evaluated for purposes of taxation . . . ." General Statutes § 12-119. In the present case, the plaintiff did not challenge the defendant's assessment of the flowage rights from 1987 through 1993 until May 16, 1997, well after the one year limitation period had expired. Because this action was not brought within the one year statutory period, the plaintiff is precluded from bringing this present action under § 12-119.

Absent the remedy of § 12-119, a taxpayer may, in certain situations, assert the statute's underlying common-law action of assumpsit. *Norwich* v. *Lebanon*, 200 Conn. 697, 710, 513 A.2d 77 (1986); *Connecticut Light & Power Co.* v. *Oxford*, supra, 101 Conn. 391–92. It is well settled that § 12-119 codified the then existing common-law right and remedy of assumpsit that allowed a taxpayer to challenge an illegally assessed tax. *Wilson* v. *Kelley*, supra, 224 Conn. 123; *Norwich* v. *Lebanon*, supra, 710; *L. G. DeFelice & Son, Inc.* v. *Wethersfield*, 167 Conn. 509, 513, 356 A.2d 144 (1975); *Connecticut Light & Power Co.* v. *Oxford*, supra, 391–92. Section 12-119 expressly provides that its remedy is "in addition to the other remedies provided by law." General Statutes § 12-119. The term "other remedies" refers not only to the alternative procedure of General Statutes § 12-111,[9] but also to the common-law remedy of assumpsit. *Norwich* v. *Lebanon*, supra, 710; *Connecticut Light & Power Co.* v. *Oxford*, supra, 391–92.

In the present case, however, the plaintiff is precluded from bringing an action under the common-law writ of assumpsit. In *Norwich*, our Supreme Court held that a taxpayer may not bring an action of assumpsit in an attempt to circumvent the time restraints of § 12-119 if it would undermine the purpose of the statute. *Norwich* v. *Lebanon*, supra, 200 Conn. 711. In *Norwich*, the plaintiff brought an assumpsit action to challenge the defendant's assessment of certain property well after the one year limitation period provided by § 12-119. After noting that § 12-119 was the proper remedy for the plaintiff to challenge the assessment, our

[9] General Statutes § 12-111 provides in relevant part: "Any person, including any lessee of real property whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes and any person to whom title to such property has been transferred since the assessment date, claiming to be aggrieved by the doings of the assessors of such town may appeal therefrom to the board of assessment appeals. . . ."

Supreme Court stated that "where a statute has established a procedure to redress a particular wrong a person must follow the specified remedy and may not institute a proceeding that might have been permissible in the absence of such a statutory procedure." Id., 708. The purpose of the one year limitation is to promote the prompt resolution of assessment disputes; id., 712; and "to prevent delays in the ultimate determination of the amounts a municipality can collect as taxes." *Cohn* v. *Hartford*, 130 Conn. 699, 702, 37 A.2d 237 (1944). In the present case, allowing the plaintiff to bring an assumpsit action would undermine the purpose of § 12-119 because it would prolong the resolution of an assessment dispute and would delay a municipality's determination of expected tax proceeds. Because the plaintiff failed to comply with the statutory remedy, it cannot now bring an action under the common-law claim of assumpsit and circumvent the purpose or the one year limitation of § 12-119. *Norwich* v. *Lebanon*, supra, 712.

The plaintiff was not entitled to judgment as a matter of law because it failed to bring the claim within the prescribed time period of § 12-119. The trial court, therefore, improperly granted the plaintiff's motion for summary judgment on count four. In view of our determination that summary judgment was improper in this case, the issuance of an injunction ordering the removal of the tax assessments from 1987 through 1993 was improper because there is no basis for relief in favor of the plaintiff.

The judgment is reversed in part and the case is remanded with direction to deny the plaintiff's motion for summary judgment as to count four and for further proceedings according to law.

In this opinion the other judges concurred.