## OCWEN FEDERAL BANK FSB *v.* JAMES T. DWYER ET AL.
### (AC 18730)

O'Connell, C. J., and Spear and Hennessy, Js.

Argued April 29—officially released July 20, 1999

*Eileen O'Shaughnessy-Smith*, with whom, on the brief, was *Philip L. Eiker*, for the appellant (plaintiff).

*Dwight Owen Schweitzer*, pro se, the appellee (defendant).

*Opinion*

O'CONNELL, C. J. This is a mortgage foreclosure action in which the plaintiff, Ocwen Federal Bank FSB, appeals from the trial court's denial of its motion to open the judgment of foreclosure by sale for the purpose of correcting the plaintiff's affidavit of debt to include sewer and water assessments it had paid on the real estate that had been mortgaged to it by the named defendant, James T. Dwyer, and the defendant

Patricia M. Dwyer.[1] The defendant Dwight Owen Schweitzer,[2] a subsequent encumbrancer who had redeemed the property, opposed the motion to open. We affirm the judgment of the trial court.

The record discloses that the trial court heard oral argument on the motion to open on July 27, 1998. The transcript of that proceeding reveals that, following argument by counsel, the trial court's sole comment was "I'll take the papers." There is nothing from which we can divine the trial court's reason for any action that it took.

The duty to provide this court with a record adequate to afford review rests with the appellant. Practice Book § 60-5; *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998). In this case, the record is inadequate for review because we have not been provided with either a written memorandum of decision or a transcribed copy of an oral decision, signed by the trial court, stating its reasons for refusing to open the judgment.[3] See Practice Book § 64-1 (a).

Practice Book § 64-1 (b) clearly establishes the procedure to be followed by an appellant in the event that the trial court fails to comply with § 64-1 (a). In the present case, the plaintiff did not avail itself of this procedure, thereby failing to ensure an adequate record for review.

"We, therefore, are left to surmise or speculate as to the existence of a factual predicate for the trial court's

---

[1] These amounts are referred to by the parties as water and sewer assessments and as taxes. The variance is immaterial because the same law applies to both.

[2] Schweitzer is a practicing member of the Connecticut bar, but appears pro se in this case.

[3] The motion bears the following notation: "The foregoing motion is hereby ORDERED: Denied."

rulings. Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court, either on its own or in response to a proper motion for articulation, any decision made by us respecting this claim would be entirely speculative." (Internal quotation marks omitted.) *Alix* v. *Leech,* 45 Conn. App. 1, 5, 692 A.2d 1309 (1997).

Because the trial court did not articulate the factual or legal basis for its decision on the plaintiff's motion to open, we are precluded from reaching the issue of whether the trial court acted properly. The record is inadequate for our review of this claim.

The judgment is affirmed.

In this opinion the other judges concurred.