COMPUTERWORKS, INC. *v.* BOARD OF EDUCATION
OF THE TOWN OF LEDYARD ET AL.
(AC 19466)

Foti, Zarella and O'Connell, Js.

Argued June 2—officially released August 22, 2000

*Victor J. Spata, Jr.*, for the appellant (plaintiff).

*Hugh Culhbertson*, with whom were *Jody P. Benbow* and, on the brief, *Frederick L. Dorsey*, for the appellees (defendants).

*Opinion*

PER CURIAM. The controlling issue in this appeal is whether the trial court properly rendered judgment dismissing the second count of the plaintiff's complaint. The sole reference to the second count in the trial court's memorandum of decision is as follows: "The plaintiff's argument that the second count should survive a motion to dismiss is unavailing." The plaintiff did not seek an articulation of this naked declaration.

"Under these circumstances, we . . . are left to surmise or speculate as to the existence of a factual predicate for the trial court's rulings. Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by the trial court. . . . Without the necessary factual and legal conclusions

furnished by the trial court . . . any decision made by us respecting [the plaintiff's claim] would be entirely speculative." (Internal quotation marks omitted.) *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 608, 710 A.2d 190 (1998), quoting *Alix* v. *Leech*, 45 Conn. App. 1, 5, 692 A.2d 1309 (1997). "The duty to provide this court with a record adequate for review rests with the appellant. Practice Book § 60-5 . . . ." (Citation omitted; internal quotation marks omitted.) *Lombardi* v. *Lombardi*, 55 Conn. App. 117, 118, 737 A.2d 988 (1999), cert. denied, 252 Conn. 943, 747 A.2d 520 (2000).

The judgment is affirmed.