# CHARLES AMO *v.* ROBERT J. PINCINCE ET AL.
## (AC 19304)

Hennessy, Vertefeuille and Daly, Js.

Argued September 30—officially released November 16, 1999

*Thomas G. Benneche*, for the appellant (plaintiff).

*John H. Parks*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Charles Amo, appeals from the decision[1] of the trial court granting the defendants' motion to open a judgment of strict foreclosure after the law day had passed and title vested in the plaintiff. The plaintiff claims that the court lacked jurisdiction to open the judgment because General Statutes § 49-15 prohibits the opening of a foreclosure judgment after title has passed. The defendants, Robert J. Pincince and Joan C. Pincince, claim that the foreclosure

---

[1] Ordinarily, the granting of a motion to open a prior judgment does not constitute a final judgment and, therefore, is not immediately appealable. *State* v. *Phillips*, 166 Conn. 642, 646, 353 A.2d 706 (1974). Where, however, the appellant challenges the power of the trial court to open the judgment, an immediate appeal lies. *Cassella* v. *Kleffke*, 38 Conn. App. 340, 344, 660 A.2d 378, cert. denied, 235 Conn. 905, 665 A.2d 899 (1995).

judgment was improperly rendered because they were improperly defaulted for failure to appear at a time when Robert Pincince had filed a pro se appearance. The plaintiff disputes the defendants' contention that Robert Pincince's appearance was on file when the default was entered. We affirm the decision of the trial court.

The plaintiff has filed with this court, purportedly pursuant to Practice Book § 64-1, a transcript of the trial court's oral decision signed by the court. The transcript, however, fails to disclose the reasons for the court's decision to open the judgment, and the plaintiff failed to file a motion for articulation pursuant to Practice Book § 66-5.

Because the plaintiff failed to provide us with an adequate record, we decline to review his claim. "The duty to provide this court with a record adequate for review rests with the appellant. Practice Book § 60-5; *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998)." *State* v. *Combs*, 51 Conn. App. 700, 701, 725 A.2d 349 (1999).

The trial court's granting of the defendants' motion to open is affirmed.