CHARLES AMO *v.* ROBERT J. PINCINCE ET AL.
(SC 16264)

Borden, Katz, Palmer, Ronan and Flynn, Js.

Argued October 24—officially released November 21, 2000

---

*Thomas G. Benneche,* for the appellant (plaintiff).

*John H. Parks,* for the appellee (named defendant et al.).

*Opinion*

PER CURIAM. In this mechanic's lien foreclosure action, we granted the petition of the plaintiff, Charles Amo, for certification to appeal from the judgment of the Appellate Court affirming the trial court's granting of the motion of the defendants, Robert J. Pincince and Joan C. Pincince,[1] to open the judgment of strict foreclosure.[2] *Amo v. Pincince,* 55 Conn. App. 767, 740

---

[1] Ernest Lloyd was impleaded as a defendant in the trial court, but he is not involved in this appeal.

[2] We granted the plaintiff's petition for certification to appeal limited to the following issues: (1) "Did the Appellate Court properly decline to review the plaintiff's claim based on an inadequate record, where the plaintiff appealed the issue of the trial court's jurisdiction to open a foreclosure judgment after title to the property had passed from the defendants, and the record included the judgment of foreclosure, the passing of the law days, the vesting of title in another party, the motion to open judgment being filed after title had vested, and the decision granting the motion over the plaintiff's jurisdictional argument being entered after title had vested?

(2) "Whether the Appellate Court, in light of General Statutes § 49-15, properly affirmed the trial court's order granting a motion to open a foreclosure judgment, when the motion was filed, and the decision granting it was rendered, after title to the subject property had vested in another party?" *Amo v. Pincince,* 252 Conn. 934, 747 A.2d 1 (2000).

A.2d 895 (1999). After reviewing the record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.