DIME SAVINGS BANK OF NEW YORK, FSB *v.* RAYMOND J. SAUCIER ET AL. (AC 16577)

O'Connell, C. J., and Schaller and Hennessy, Js.

Argued March 3—officially released May 19, 1998

---

*Leslee B. Hill,* with whom, on the brief, was *Robert A. Ziegler,* for the appellant (named defendant).

*David F. Borrino,* for the appellee (plaintiff).

*Opinion*

PER CURIAM. This is a mortgage foreclosure action in which the named defendant, Raymond J. Saucier, appeals from the judgment of foreclosure by sale. More specifically, Saucier claims that the trial court improperly struck his special defense, which alleged that the plaintiff had not complied with the notice requirements of 12 U.S.C. § 1701x.

The trial court record discloses that the plaintiff moved to strike Saucier's special defense on May 21, 1996. The parties briefed the issue, and oral argument was presented to the court. On July 11, 1996, the trial court granted the motion to strike the special defense, and Saucier filed a notice of intent to appeal. The plaintiff subsequently obtained summary judgment against Saucier, and the trial court rendered a judgment of foreclosure by sale. This appeal followed.

The duty to provide this court with a record adequate for review rests with the appellant. See Practice Book § 4007, now Practice Book (1998 Rev.) § 61-10; *Statewide Grievance Committee* v. *Clarke,* 48 Conn. App. 545, 547, 711 A.2d 746 (1998). In the present case, the record is inadequate for review because we have not been provided with a written memorandum of decision or a transcribed copy of an oral decision signed by the trial court. See Practice Book § 4059, now Practice Book (1998 Rev.) § 64-1. We cannot reach the issue of whether the trial court acted properly because we may not surmise or speculate as to the reasons why the trial court granted the motion to strike. *Chase Manhattan*

*Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 608, 710 A.2d 190 (1998); *Holmes* v. *Holmes*, 32 Conn. App. 317, 319, 629 A.2d 1137, cert. denied, 228 Conn. 902, 634 A.2d 295 (1993).

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.