ROSELYNN D. CONFORTI ET AL. *v.*
DONALD B. CHRISTIE ET AL.
(AC 19280)

Lavery, C. J., and Landau and Mihalakos, Js.

Argued June 8—officially released August 8, 2000

*Eddi Z. Zyko*, for the appellants (plaintiffs).

*Anne Kelly Zovas*, for the appellees (defendants).

*Opinion*

PER CURIAM. This is an action pleaded in eighteen counts, sounding in "wilful and intentional assault and battery, reckless and wanton assault and battery, negligent assault and battery, common-law recklessness, intentional infliction of emotional distress, negligence, breach of contract, respondeat superior and loss of consortium." The named plaintiff[1] appeals from the judgment rendered in favor of the defendants, Donald B. Christie and Toll Gate Foods, Inc., following the

---

[1] The named plaintiff, Roselynn D. Conforti, was joined in this action by her husband, the plaintiff Michael F. Conforti, who died on May 3, 1999. The named plaintiff was appointed executrix of his estate. We refer to the named plaintiff in both capacities as the plaintiff on appeal.

court's granting of a motion to strike the plaintiffs' amended complaint.

Certain procedural facts are relevant to this appeal. On July 31, 1998, the court, *Pellegrino, J.*, in a memorandum of decision, granted the defendants' motion to strike the plaintiffs' revised complaint. The plaintiffs pleaded over and filed an amended complaint, which the defendants also moved to strike. On December 17, 1998, the court, *Gill, J.*, granted the motion to strike the amended complaint without writing a memorandum of decision. Thereafter, the defendants filed a motion for judgment, which the court, *Holzberg, J.*, granted on January 19, 1999.

The duty to provide this court with a record adequate for review rests with the appellant. See Practice Book § 61-10. In the present case, the record is inadequate for review because we have not been provided with a written memorandum of decision or a transcribed copy of an oral decision signed by the trial court with respect to the motion to strike the amended complaint. See Practice Book § 64-1. We cannot reach the issue of whether the trial court acted properly because this court "may not surmise or speculate as to the reasons why the trial court granted the motion to strike."[2] *Dime Savings Bank of New York, FSB* v. *Saucier*, 48 Conn. App. 709, 710, 709 A.2d 610 (1998); *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607–609, 710 A.2d 190 (1998).

The judgment is affirmed.

---

[2] During oral argument before us, counsel for the plaintiff argued against a finding of an inadequate record by noting that the memorandum of decision concerning the motion to strike the *revised* complaint was in the record. According to plaintiff's counsel, the court granted the motion to strike the *amended* complaint for reasons identical to the reasons contained in the memorandum of decision that is in the record. The plaintiff's counsel suggested that the memorandum of decision concerning the *revised* complaint constituted an adequate record for the judgment rendered on the striking of the *amended* complaint. Merely to state the argument is to refute it.