CIANBRO CORPORATION *v.* NATIONAL
EASTERN CORPORATION
(AC 27851)

Schaller, McLachlan and Freedman, Js.

Argued March 19—officially released June 26, 2007

*Raymond A. Garcia*, with whom were *Nicole Liguori Micklich*, and, on the brief, *James E. Regan*, for the appellant (defendant).

*Timothy S. Fisher*, with whom, on the brief, were *Brian P. Rice* and *Charles D. Ray*, for the appellee (plaintiff).

### Opinion

McLACHLAN, J. The defendant, National Eastern Corporation, appeals from the judgment of the trial court denying its motion to vacate an arbitration award and confirming the award in favor of the plaintiff, Cianbro Corporation. On appeal, the defendant claims that the court should have vacated the award because the arbitrators exceeded their authority by (1) awarding $112,304 to Cianbro Fabrication and Coating Corporation (Cianbro Fabrication), a nonparty to the arbitration, (2) awarding amounts for labor and equipment

claims when such damages expressly were precluded by the parties' agreement, (3) awarding attorney's fees when such fees were not within the scope of the agreement, (4) awarding attorney's fees without providing an opportunity to contest the reasonableness of the fees awarded and (5) failing to award contractually mandated attorney's fees on its counterclaim. We affirm the judgment of the trial court.

The plaintiff entered into a contract with the defendant to provide services and materials in connection with a construction project for the replacement of the Tomlinson Bridge in New Haven harbor. The plaintiff was the completion contractor, having replaced White Oak Corporation as the original general contractor. The defendant was the steel fabricator. It had a prior arrangement with White Oak Corporation to supply the requisite materials, and, subsequently, the plaintiff issued its purchase order to retain the defendant to complete the work on the project.

The parties had several outstanding disputes at the conclusion of the project. The plaintiff filed a claim for arbitration, and the defendant filed a counterclaim. The agreement to arbitrate is contained in a purchase order issued by the plaintiff on May 18, 2000, and signed by the defendant on September 11, 2000.[1] The arbitration was held before a panel of three arbitrators. The parties presented witnesses, submitted documentary evidence and provided briefs outlining their claims to the panel. The panel issued an interim award in June, 2005, in

---

[1] The arbitration clause in the purchase order provides in relevant part: "With respect to any disputes between [the plaintiff] and [the defendant] arising under this [p]urchase [o]rder, [the defendant] agrees that [the plaintiff] [at] its sole option and in its sole discretion, may elect to submit such disputes to arbitration, in which such event all claims between the parties hereunder shall be subject to arbitration. . . . This agreement to arbitrate shall be specifically enforceable under the prevailing law. The award rendered shall be final [and] judgment may be entered upon the award by any court having jurisdiction thereof."

which it ordered the defendant to pay the plaintiff $146,508. In December, 2005, the panel issued a supplemental award for attorney's fees, the plaintiff's employee time and expenses in the amount of $300,883.76.

The plaintiff filed an application with the Superior Court to confirm the arbitration award on December 20, 2005. The defendant filed its motion to vacate the arbitration award on January 17, 2006. A hearing was held on May 22, 2006. On June 28, 2006, the court issued its memorandum of decision in which it granted the plaintiff's application to confirm the arbitration award and denied the defendant's motion to vacate the award. This appeal followed.

Our standard of review is well settled. "Judicial review of arbitral decisions is narrowly confined. . . . When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution. . . .

"The significance . . . of a determination that an arbitration submission was unrestricted or restricted is not to determine what the arbitrators are obligated to do, but to determine the scope of judicial review of what they have done. Put another way, the submission tells the arbitrators what they are obligated to decide. The determination by a court of whether the submission

was restricted or unrestricted tells the court what its scope of review is regarding the arbitrators' decision. . . .

"Even in the case of an unrestricted submission, we have . . . recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . [and] (3) the award contravenes one or more of the statutory proscriptions of [General Statutes] § 52-418." (Internal quotation marks omitted.) *Harty* v. *Cantor Fitzgerald & Co.*, 275 Conn. 72, 80–81, 881 A.2d 139 (2005). General Statutes § 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

In the present case, the parties agree that the submission is unrestricted.[2] The defendant's claim on appeal is that the arbitration panel exceeded and imperfectly executed its powers because its award did not conform to the parties' submission and that the court improperly

[2] "A submission is unrestricted when . . . the parties' arbitration agreement contains no language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review." (Internal quotation marks omitted.) *Industrial Risk Insurers* v. *Hartford Steam Boiler Inspection & Ins. Co.*, 273 Conn. 86, 89 n.3, 868 A.2d 47 (2005).

refused to vacate that award as required by § 52-418 (a) (4).[3]

## I

The defendant first claims that the panel exceeded the authority granted to it by the submission of the parties by awarding $112,304 to Cianbro Fabrication, a corporate entity separate from the plaintiff and a nonparty to the arbitration. The defendant argues that the arbitration clause, which constitutes the submission, is a contract between the plaintiff and the defendant and that any award to a third party must be deemed to be outside the scope of that submission.

It is true that "[a]rbitration is a creature of contract and the parties themselves, by the terms of their submission, define the powers of the arbitrators." (Internal quotation marks omitted.) *Industrial Risk Insurers* v. *Hartford Steam Boiler Inspection & Ins. Co.*, 258 Conn. 101, 109, 779 A.2d 737 (2001). "When the parties have agreed to a procedure and have delineated the authority of the arbitrator, they must be bound by those limits." (Internal quotation marks omitted.) *State* v. *AFSCME, AFL-CIO, Council 4, Local 2663*, 257 Conn. 80, 85, 777 A.2d 169 (2001). When the claim is that the award does not conform to the submission, the reviewing court conducts "in effect, de novo judicial review." (Internal quotation marks omitted.) *Harty* v. *Cantor Fitzgerald & Co.*, supra, 275 Conn. 84. "Although we have not explained precisely what in effect, de novo judicial

---

[3] In construing § 52-418 (a) (4), our Supreme Court has applied two standards in determining whether an award must be vacated. First, it has compared the award with the submission to determine whether the arbitrators exceeded their authority. Second, it has reviewed the award to determine whether it manifests an egregious or patently irrational application of the law. *Harty* v. *Cantor Fitzgerald & Co.*, supra, 275 Conn. 81. In the present case, the defendant claims that the award does not conform to the submission; it expressly has stated that it does not seek review under the manifest disregard of the law standard.

review entails as applied to a claim that the award does not conform with the submission, that standard best can be understood when viewed in the context of what the court is permitted to consider when making this determination and the exact nature of the inquiry presented. . . . Our inquiry generally is limited to a determination as to whether the parties have vested the arbitrators with the authority to decide the issue presented or to award the relief conferred. With respect to the latter, we have explained that, as long as the arbitrator's remedies were consistent with the agreement they were within the scope of the submission." (Internal quotation marks omitted.) Id., 85–86. "[A] claim that the award does not conform to the submission is predicated on the arbitrators' absolute lack of authority to decide an issue or to grant certain relief." Id., 88.

Here, as part of the arbitration award, the panel ordered the following relief: "Additionally, we award to [the plaintiff] the amount of $112,304 on its payment due to the [Cianbro Fabrication] claim. [The plaintiff] is hereby ordered to pay directly to [Cianbro Fabrication] the amount of $112,304 in satisfaction of [the defendant's] obligations under its contract with [Cianbro Fabrication] or its predecessor." The defendant argues that the arbitrators upheld a claim against it by Cianbro Fabrication, a third party, and made an award to a nonparty to the arbitration.

The arbitration clause authorized the submission of "any disputes between [the plaintiff] and [the defendant] arising under [the] [p]urchase [o]rder . . . ." The purchase order, which also included several attachments, contained various provisions that required the panel's interpretation. One of those provisions addressed the right of the plaintiff to withhold amounts from the defendant if the defendant failed to pay any

of its subcontractors. The plaintiff then had the right to pay the subcontractor directly from the funds withheld.

Cianbro Fabrication was a subcontractor. The defendant had a separate contract with Cianbro Fabrication. At the arbitration, one of the disputed claims submitted involved the amount due Cianbro Fabrication from the defendant and the plaintiff's right to withhold that amount from the defendant. The parties presented evidence on that claim. The defendant argued that the provision at issue did not authorize the withholding of funds because no formal claim had ever been submitted by Cianbro Fabrication against the plaintiff. At the hearing before the court, and on appeal, the defendant referenced transcript testimony from the arbitration proceeding to support its contention that no evidence had been presented to demonstrate that such a claim had been made.

In essence, the defendant is asking this court to review the panel's interpretation of the contractual provisions and to make a determination as to the sufficiency of the evidence presented at the arbitration to support the award. This we cannot do.

"Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that . . . the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved. . . . In other words, [u]nder an unrestricted submission, the arbitrators' decision is considered final and binding; thus the courts will not review the evidence considered by the arbitrators nor will they review the award for errors of law or fact." (Internal quotation marks omitted.) *Harty* v. *Cantor*

*Fitzgerald & Co.*, supra, 275 Conn. 80. Accordingly, those issues are beyond the scope of our review. Id., 104.

With respect to the remedy ordered by the panel, a remedy is considered to be within the scope of the submission as long as it is consistent with the parties' agreement. See *State* v. *New England Health Care Employees Union, District 1199, AFL-CIO*, 265 Conn. 771, 790, 830 A.2d 729 (2003). "[T]he arbitrator is authorized from [an] unrestricted submission to fashion any remedy that is rationally related to a plausible interpretation of the agreement . . . . Put another way, when the submission is unrestricted, the remedy determined by an arbitrator will be upheld as long as the remedy draws its essence from the . . . agreement." (Citation omitted; internal quotation marks omitted.) *Board of Education* v. *Civil Service Employees Affiliates, Local 760*, 88 Conn. App. 559, 570, 870 A.2d 473 (2005).

Here, the challenged remedy drew its essence from the agreement and was consonant with its terms. The plaintiff and the defendant presented evidence on the Cianbro Fabrication claim and the right of the plaintiff to withhold that amount from the defendant. All disputed claims under the purchase order could be submitted to arbitration. Although the defendant strongly disagrees with the panel's interpretation of the provisions of that agreement, "it is the arbitrator's judgment that was bargained for . . . and we do not substitute our own judgment merely because our interpretation of the agreement or contract at issue might differ from that of the arbitrator." (Internal quotation marks omitted.) *State* v. *New England Health Care Employees Union, District 1199, AFL-CIO*, supra, 265 Conn. 780.

The party challenging the arbitration award has the burden to produce evidence sufficient to show that the award fails to conform to the submission. *Harty* v.

*Cantor Fitzgerald & Co.*, supra, 275 Conn. 89. The defendant has failed to meet this burden.

## II·

The defendant next claims that the arbitration award did not conform to the submission because the panel permitted the plaintiff to recover amounts for labor, equipment and attorney's fees. The defendant argues that damages for labor and equipment are expressly precluded by the terms of the agreement and that the awarding of attorney's fees was outside the scope of the agreement.

Again, those claims were addressed by both parties at the time of the arbitration. Various provisions of the purchase order and its attachments were interpreted by the panel as to their applicability to the disputed claims. The defendant disagrees with the panel's interpretation of those provisions. "Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that . . . the interpretation of the agreement by the arbitrators was erroneous." (Internal quotation marks omitted.) *State* v. *New England Health Care Employees Union, District 1199, AFL-CIO*, supra, 265 Conn. 780–81. The defendant's argument that the panel exceeded its authority by erroneously interpreting the parties' agreement is, therefore, without merit.

## III

The defendant additionally claims that the arbitration panel exceeded its authority by awarding attorney's fees to the plaintiff without providing an opportunity to challenge the reasonableness of the fees awarded. It argues that the parties limited their submission to a determination of whether the plaintiff was entitled to attorney's fees. After making that determination, the

panel was to reconvene the hearing to take evidence on the reasonableness of the plaintiff's claimed fees. In support of its position that the submission was procedurally limited, the defendant refers to the following footnote in the plaintiff's posthearing brief submitted to the panel: "As with all of [the plaintiff's] claims for attorney's fees and costs, the parties have agreed that the panel will make an initial determination of liability. If [the defendant] is liable and contests the reasonableness of [the plaintiff's] fees, the parties have agreed that the panel will reconvene the hearings to take evidence on those fees."

Although the claim on appeal is that the award did not conform to the submission because the defendant was not provided an opportunity to contest the reasonableness of the plaintiff's attorney's fees, the defendant does nothing more than cite the footnote in the plaintiff's posthearing brief in support of that claim. In its appellate brief, the plaintiff states that it had provided to the panel copies of all the invoices for which it was claiming attorney's fees and that the defendant had the opportunity to challenge that evidence at the hearing. The court concluded that although some discussion about attorney's fees occurred at a hearing before the panel after the interim award was made, the court did not have sufficient information before it to determine whether the defendant was denied a full and fair hearing on that issue. The court further noted that no evidence had been presented by the defendant that actually challenged the amount of the attorney's fees awarded to the plaintiff so that the defendant failed to demonstrate any prejudice to its rights.

We are unable to review the defendant's claim due to an inadequate record. See *Chase Manhattan Bank/ City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998); Practice Book § 61-10. "It is incumbent upon the appellant to take the necessary

steps to sustain its burden of providing an adequate record for appellate review. . . . [A]n appellate tribunal cannot render a decision without first fully understanding the disposition being appealed. . . . Our role is not to guess at possibilities, but to review claims based on a complete factual record . . . . Without the necessary factual and legal conclusions . . . any decision made by us respecting [the defendant's claims] would be entirely speculative." (Citations omitted; internal quotation marks omitted.) *Gladstone, Schwartz, Baroff & Blum* v. *Hovhannissian,* 53 Conn. App. 122, 127, 728 A.2d 1140 (1999).

The parties disagree as to what transpired at the arbitration hearing held after the interim award was made. This court has been provided with only the statements of the parties in their briefs and the defendant's reference to the footnote in the plaintiff's posthearing brief to review. No transcript of that hearing has been submitted as part of the record on appeal. We therefore cannot determine, without speculation, whether the defendant was afforded an opportunity to contest the reasonableness of the attorney's fees awarded to the plaintiff and decline to address this claim.

IV

The defendant's final claim is that the arbitration award did not conform to the submission because the panel failed to award contractually mandated attorney's fees on its counterclaim. The defendant argues that the payment of the contract balance, demanded in its counterclaim, was an issue between the parties to be decided by the panel. It further claims that every invoice sent to the plaintiff contained the clause: "[A] late charge at the rate of 1.5 percent per month, 18 percent per annum, will be charged on all accounts after thirty days and if this matter is placed with an attorney, reasonable attorney's fees will be charged." Because the

amount awarded to the plaintiff by the panel was offset by the contract balance, the defendant argues that it prevailed on its counterclaim and that the panel was therefore obligated to award it reasonable attorney's fees.

We first note that copies of the invoices containing the provisions pertaining to late fees and attorney's fees are not part of the record. Further, the defendant's counterclaim, in the prayer for relief, demanded the contract balance, charges for extra work performed by the defendant at the plaintiff's request and "[i]nterest and other costs as seen justified and reasonable to the arbitrators." No specific request for attorney's fees was made. The defendant's posthearing brief submitted to the panel does state that the defendant is entitled to attorney's fees and quotes the late fee and attorney's fees provision from its invoices. No reference is made to an exhibit.

The plaintiff argues that the invoices were not a part of the parties' agreement, i.e., the purchase order and attachments, that the invoices had been issued subsequent to the agreed on contractual arrangement and that any language contained in those invoices had not been negotiated and incorporated into their agreement. The court noted that the amount of the contract balance was agreed to by the stipulation of the parties, that the panel specifically stated that the defendant's claims were denied and that the defendant was challenging the panel's factual and legal conclusions with respect to that issue.

The issue of attorney's fees as claimed by the defendant had been presented to the panel and was determined adversely to the defendant. Whether the invoices formed a part of the parties' contractual agreement was to be determined by the panel and is not subject to

de novo review by this court. The defendant's claim must fail.

We conclude that the panel's decision conforms to the broad, unrestricted submission. The defendant essentially argues for a different interpretation of the provisions in the parties' agreement. A difference of opinion as to the construction of the contract does not establish that the panel exceeded its authority. Accordingly, the court properly denied the defendant's motion to vacate the award.

The judgment is affirmed.

In this opinion the other judges concurred.