AFSCME, COUNCIL 4, AFL-CIO, LOCAL 1303-194 *v.*
TOWN OF WESTPORT ET AL.
(AC 28571)

Bishop, Gruendel and Peters, Js.

Argued September 23—officially released November 18, 2008

*J. William Gagne, Jr.*, with whom, on the brief, was *Kimberly A. Cuneo*, for the appellant (plaintiff).

*Mark J. Kovack*, for the appellee (named defendant).

*Opinion*

PETERS, J. It is well established that statutory and common-law principles substantially limit the scope of judicial review of an unrestricted submission of an unresolved question of fact or law to an arbitral panel. General Statutes § 52-418; *State v. New England Health Care Employees Union, District 1199, AFL-CIO*, 265 Conn. 771, 777–78, 830 A.2d 729 (2003). Accordingly, in labor disputes, judicial review of the propriety of an arbitral award is limited to a determination of whether the arbitral remedies "were consistent with the [collective bargaining] agreement." (Internal quotation marks omitted.) *Harty v. Cantor Fitzgerald & Co.*, 275 Conn. 72, 86, 881 A.2d 139 (2005). In this case, the plaintiff union contests the denial of its application to vacate the remedial order of an arbitral panel that overturned a union member's discharge but ordered his demotion instead of reinstating him to his former position of employment with the defendant town. We affirm the judgment of the trial court.

On March 30, 2006, the plaintiff, the American Federation of State, County and Municipal Employees, Council 4, AFL-CIO, Local 1303-194, filed an application to vacate an arbitration award by the defendant state board of mediation and arbitration involving the defendant town of Westport (town). The plaintiff did not contest the authority of the arbitral panel to set aside the town's termination of the employment of the grievant, Joseph Saviano, and to order that the grievant "shall be restored to employment . . . ."[1] The plaintiff maintained, however, that the arbitral panel's further remedial order that the grievant be "demoted and assigned

---

[1] The dissenting member of the arbitral panel voted in favor of upholding the decision of the town to terminate the grievant's employment.

to a position of a nonsupervisory nature" was improper because, in the plaintiff's view, the demotion was inconsistent with the terms of the collective bargaining agreement between the parties, which prescribed a grievance procedure for demotions. The town opposed the plaintiff's application for vacatur. The trial court ruled in favor of the town, and the plaintiff has appealed.

The arbitral panel based its award on the following undisputed findings of fact. For many years, the grievant had been the assistant superintendent of greens for a country club owned and operated by the town. Starting in April, 1999, the course superintendent repeatedly expressed and documented his concerns about the grievant's behavior. On September 17, 2002, the superintendent called a meeting with the grievant and a union representative to discuss the grievant's alleged use of a racial slur when asked to perform a particular job. During the course of this meeting, the grievant again used the same racial slur. The grievant was first suspended and then discharged from employment. Although the grievant subsequently applied for and currently is receiving retirement benefits, the proper calculation of his benefits depends on the final resolution of his challenge to the validity of his discharge.

The two unrestricted issues submitted to the arbitral panel for its determination were: "Was the grievant discharged for just cause? If not, what shall the remedy be?" The panel's award was as follows: "The termination is set aside and a suspension without pay substituted therefor. The grievant shall be restored to employment, but demoted and assigned to a position of a nonsupervisory nature."

The court, after hearing from counsel, denied the plaintiff's application to vacate the arbitration award. It held that the arbitral panel had not exceeded its powers, that it had not been guilty of misconduct and

that its award had not violated public policy. It further concluded that the panel's remedial award was not inconsistent with the terms of the collective bargaining agreement because that agreement reserved to the town the authority to exercise its inherent powers to demote and to transfer town employees.

In its appeal to this court, the plaintiff renews its argument that, by demoting the grievant without compliance with the procedural rules for notice established by the parties' collective bargaining agreement, the arbitral panel exceeded its authority under § 52-418 (a) (4). According to the plaintiff, the arbitral award must be vacated because it failed to "[draw] its essence from the collective bargaining agreement . . . ." (Internal quotation marks omitted.) *Board of Education* v. *Civil Service Employees Affiliates, Local 760*, 88 Conn. App. 559, 570, 870 A.2d 473 (2005).

As the town points out, however, the notice provisions that the plaintiff calls to our attention are not the only provisions in the collective bargaining agreement that the arbitral panel was authorized to take into account. Significantly, the agreement expressly recognizes the town's residual authority "to direct and control . . . [town] employees" and to manage employee transfers from one position to another.

Furthermore, the plaintiff has advanced no claim that, in this case, a notice to inform the grievant of a possible demotion would have brought to light allegations of misconduct that would have differed from those to which the grievant had been alerted previously in the underlying proceedings with respect to the termination of his employment. The collective bargaining agreement provision for notice on which the plaintiff relies makes no distinction between discharge and other forms of employee discipline. Under these circumstances, the arbitral panel had the authority to decide whether the

collective bargaining agreement forbade the imposition of the lesser sanction of demotion without a second disciplinary notice and hearing.

As the appellate decisions of this state have emphasized time and again, an arbitral award resulting from an unrestricted submission must be upheld if the remedy ordered by the arbitral panel "is rationally related to a plausible interpretation of the agreement . . . ." (Internal quotation marks omitted.) *Board of Education* v. *Civil Service Employees Affiliates, Local 760*, supra, 88 Conn. App. 570; see also *Office of Labor Relations* v. *New England Health Care Employees Union, District 1199, AFL-CIO*, 288 Conn. 223, 230, 951 A.2d 1249 (2008) ("as long as the arbitrator's remedies were consistent with the agreement they were within the scope of the submission" [internal quotation marks omitted]); *Harty* v. *Cantor Fitzgerald & Co.*, supra, 275 Conn. 99; *Cianbro Corp.* v. *National Eastern Corp.*, 102 Conn. App. 61, 69, 924 A.2d 160 (2007). We know of nothing in this case law that compels the conclusion that, in crafting a remedy, an arbitral panel must, under all circumstances, defer to the express remedial provisions of the agreement. As in this case, the governing facts brought to light in the arbitration proceedings may demonstrate the relevance of other contractual provisions for which the parties have negotiated fairly and on which they may presently rely.

The judgment is affirmed.

In this opinion the other judges concurred.