DEBRA CRELAN *v.* ARTHUR J. CRELAN, JR., ET AL.
(AC 31308)

Gruendel, Robinson and Alvord, Js.

Submitted on briefs September 10—officially released October 19, 2010

*Jose L. Altamirano* and *Cesar L. Sousa* filed a brief for the appellant (plaintiff).

*James L. Fischer* filed a brief for the appellees (defendants).

*Opinion*

ALVORD, J. In this premises liability action, the plaintiff, Debra Crelan, appeals from the judgment of the trial court, rendered following the granting of a motion for a directed verdict, which was treated by the court as a motion for a judgment of dismissal,[1] in favor of the defendants, Arthur J. Crelan, Jr., and Janice A. Crelan. The issue in this appeal is whether the trial court properly granted the motion on the ground that the plaintiff failed to establish that the defendants had notice of the specific defect that caused her injuries. Because we conclude that the record is inadequate for our review, we decline to review this claim and affirm the judgment of the trial court.

The record contains the following relevant facts and procedural history. The defendants are the brother and sister-in-law of both the plaintiff and the only witness called to testify in the present case, Brenda Crelan. The defendants gave Brenda Crelan permission to store

---

[1] We note that although the defendants orally had moved for a directed verdict at the close of the plaintiff's case-in-chief, the trial court in its ruling properly characterized the motion as one for a judgment of dismissal and ruled on it as such. Citing *Winn* v. *Posades*, 281 Conn. 50, 58 n.2, 913 A.2d 407 (2007), the court stated that the motion for a judgment of dismissal had replaced the former motion for a nonsuit, pursuant to General Statutes § 52-210, for failure to make out a prima facie case. Because the court ruled on the defendants' motion as one seeking a judgment of dismissal, we review it as such. See *Goulet* v. *Zoning Board of Appeals*, 117 Conn. App. 333, 343 n.10, 978 A.2d 1160, cert. denied, 294 Conn. 909, 982 A.2d 1082 (2009).

personal property in a barn located on their property. The belongings were to be stored in a loft over the barn, which was accessible via an aluminum ladder belonging to the defendants. Brenda Crelan was provided with a key to access her personal property in the event that the defendants were not home.

Brenda Crelan regularly visited the loft and used the ladder without incident between September and November, 2003. One week prior to the accident in question, she requested that the plaintiff help her to access her personal property, at which time the plaintiff used the ladder without difficulty. On November 23, 2003, the plaintiff again accompanied Brenda Crelan to their brother's house. During her efforts to assist Brenda Crelan with gaining access to her belongings, the plaintiff ascended the ladder. The bottom of the ladder slipped, causing the plaintiff to fall onto the floor of the barn. As a result of the fall, the plaintiff suffered injuries to her left foot.

The plaintiff thereafter filed this premises liability action, alleging that her injuries had been caused by the negligence of the defendants. Specifically, the plaintiff alleged that her brother and sister-in-law allowed her to access the second floor loft by way of a defective aluminum ladder and, thus, created a dangerous and unsafe condition. After presentation of the plaintiff's case-in-chief, the defendants orally moved for what they termed a "directed verdict," arguing that the plaintiff had failed (1) to prove that the defendants owed a duty to her, (2) to prove any defect in the ladder and (3) to show that the defendants had either actual or constructive notice of any defect, if such defect existed.

The court, in ruling on the motion, noted that the plaintiff and Brenda Crelan both had testified that they did not consider the ladder defective. Furthermore, the court found that the plaintiff failed to produce evidence

that the defendants were ever notified of any problem, concern or defect with the ladder. Accordingly, the court granted the defendants' motion and rendered judgment dismissing the action on the ground that the plaintiff had failed to introduce sufficient evidence to establish notice of any defect. The court expressly declined to rule on the issue of the standard of care, or on the defective nature of the ladder, because the plaintiff, in failing to show notice, did not prove one of the basic elements for a premises liability action, and, thus, the cause of action failed in its entirety.

On appeal, the plaintiff claims that the court improperly granted the defendants' motion. Specifically, the plaintiff asserts that there was sufficient testimony from her and Brenda Crelan for the trier of fact to have found that the defendants had notice of the dangerous and defective condition. The plaintiff argues that because the defendants had full control over the barn, knew the only ingress and egress was via the ladder, and provided the ladder with "no non-slip protection," they had actual and constructive notice that the ladder was defective and dangerous.

As an initial matter, we set forth the applicable standard of review. "Practice Book § 15-8 provides that upon a defendant's motion, a trial court may dismiss a plaintiff's cause of action for failure to establish a prima facie case following the plaintiff's presentation of evidence. A prima facie case . . . is one sufficient to raise an issue to go to the trier of fact. 9 J. Wigmore, [Evidence (4th Ed. 1974)] § 2494, p. 379. In order to establish a prima facie case, the proponent must submit evidence which, if credited, is sufficient to establish the fact or facts which it is adduced to prove. . . . Whether the plaintiff has established a prima facie case is a question of law, over which our review is plenary." (Citation omitted; internal quotation marks omitted.) *Cadle Co.* v. *Errato*, 71 Conn. App. 447, 455–56, 802 A.2d 887 (2002).

This court cannot assess the validity of the trial court's judgment without the capability to review the evidence. The duty to provide this court with a record adequate for review rests with the appellant. See Practice Book § 61-10;[2] *Ng* v. *Wal-Mart Stores, Inc.*, 122 Conn. App. 533, 537, 998 A.2d 1214 (2010); *Forrestt* v. *Koch*, 122 Conn. App. 99, 111, 996 A.2d 1236 (2010); *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998). In this case, the record is inadequate for review because we have not been provided with a transcript of the trial. The plaintiff's case was presented on July 7, 2009, and the court rendered an oral judgment the next day, July 8, 2009. In her appeal, the plaintiff requested a transcript of the proceedings on "7/8/09—entire transcript from this date." This court notes that the transcript from that date contains only the trial court's ruling on the defendants' motion but no record from which to review the plaintiff's case-in-chief. The transcript from July 7, 2009, was never requested by the plaintiff.

Under these circumstances, "[w]e, therefore, are left to surmise or speculate as to the existence of a factual predicate for the trial court's rulings. Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court." (Internal quotation marks omitted.) *Alix* v. *Leech*, 45 Conn. App. 1, 5, 692 A.2d 1309 (1997); see also *State* v. *Rios*, 30 Conn. App. 712, 719–20, 622 A.2d 618 (1993) (*O'Connell, J.*, concurring). Without the necessary factual and legal conclusions furnished by the trial court, any decision made by us respecting the plaintiff's claims

---

[2] Practice Book § 61–10 provides: "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal. For purposes of this section the term 'record' is not limited to its meaning pursuant to Section 63-4 (a) (2), but includes all trial court decisions, documents and exhibits necessary and appropriate for appellate review of any claimed impropriety."

would be entirely speculative. See *Alix* v. *Leech*, supra, 5. As it is not the function of this court to find facts, we decline to review this claim.

The judgment is affirmed.

In this opinion the other judges concurred.