******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# RICHARD BUEHLER *v.* LILACH BUEHLER
## (AC 38740)

Alvord, Prescott and Mullins, Js.

*Syllabus*

The defendant, whose marriage to the plaintiff previously had been dissolved, appealed to this court from the postjudgment order of the trial court denying in part her motion to hold the plaintiff in contempt. The trial court reasoned that the defendant failed to prove by clear and convincing evidence that the plaintiff had wilfully and intentionally violated a clear and unambiguous order regarding payment for their minor children's extracurricular activities. On appeal, the defendant claimed that the trial court, in denying in part the contempt motion, improperly determined that the extracurricular expenses were unreasonable under the facts and circumstances of the case because there had been no meaningful discussion between the parties prior to the incurrence of those costs. *Held* that the record was inadequate for review of the defendant's claim that the trial court improperly determined that the extracurricular expenses were unreasonable; this court was provided with transcripts for only three of the four days of the hearing on the contempt motion, the issue of what expenses were reasonable under the circumstances involved an issue of fact, the trial court's decision provided no further explanation of what facts and circumstances the court relied on in reaching its conclusion, and, in light of the missing transcript, this court did not know the full extent of what may have been discussed by the parties regarding those expenses and would not speculate as to the substance of the defendant's testimony concerning the issue, which was included in the omitted transcript.

Argued April 19—officially released August 8, 2017

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the matter was transferred to the Regional Family Trial Docket at Middletown, and tried to the court, *Gordon, J.*; judgment dissolving the marriage and granting certain other relief; thereafter, the court granted the defendant's motion for contempt and entered certain postjudgment orders, and the plaintiff appealed to this court, which reversed in part the trial court's judgment and remanded the case for further proceedings; on remand, the court, *Shay, J.*, entered certain orders in accordance with the parties' stipulation; subsequently, the court, *Colin, J.*, granted in part the defendant's motion for contempt, and the defendant appealed to this court. *Affirmed.*

*Lilach Buehler*, self-represented, the appellant (defendant).

*Jon T. Kukucka*, with whom, on the brief, were *Campbell D. Barrett* and *Johanna S. Katz*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Lilach Buehler, appeals from the postjudgment order of the trial court denying in part her motion for contempt against the plaintiff, Richard Buehler, after concluding that she had failed to prove by clear and convincing evidence that the plaintiff had wilfully and intentionally violated a clear and unambiguous order regarding payment for their children's extracurricular activities. On appeal, the defendant claims that the court improperly determined that the extracurricular expenses were unreasonable because there had been no meaningful discussion between the parties prior to the incurrence of those costs.[1] We conclude that the record is inadequate for our review, and, accordingly, we decline to review this claim and affirm the judgment of the trial court.

The record contains the following relevant facts and procedural history. The court, *Gordon, J.*, dissolved the parties' ten year marriage on June 4, 2008. At the time of the dissolution, the parties had three minor children, aged nine, six, and two. Following a contested trial, the court rendered its judgment orally and entered orders with respect to custody, visitation, child support, alimony, and the division of real and personal property. The order at issue in this appeal provides in relevant part as follows: "The parties shall share equally in the cost of all extracurricular summer camp and lessons for the children, which are not to be unreasonably incurred. . . ."

The parties have filed several postjudgment motions in the years following the dissolution of their marriage, including motions for contempt and motions for modification. On October 7, 2014, the defendant filed the motion for contempt that is the subject of the present appeal. In her motion for contempt, the defendant alleged, inter alia, that the plaintiff wilfully and deliberately failed to pay his one-half share of the children's extracurricular expenses. The defendant requested that the court find the plaintiff in contempt, that the court order him to immediately pay $7135.62 as his "share of the children's activities," and that the court punish him for his contempt, "including incarceration."

The court, *Colin, J.*, scheduled a hearing on the defendant's motion for contempt. It is undisputed that the court heard testimony and admitted exhibits over a four day hearing that commenced on April 22, 2015.[2] The hearing concluded on November 4, 2015, and the court issued its memorandum of decision on November 5, 2015. The relevant portions of the court's decision provide as follows: "The defendant has failed to prove by clear and convincing evidence that the plaintiff wilfully and intentionally violated a clear and unambiguous court order regarding the payment of the children's extracurricular activities and uninsured medical and

dental expenses. . . . As for the defendant's claim for nonpayment of extracurricular activity costs, the defendant's incurrence of these costs without a meaningful prior discussion between the parties leads this court to conclude that the expenses were not reasonably incurred under the facts and circumstances of this case." (Citation omitted.)

The defendant, a self-represented party, filed this appeal from the postjudgment ruling on December 14, 2015, and she challenges the court's determination that the extracurricular expenses were unreasonably incurred. The trial court file reflects that the transcript order for the appeal, signed by the defendant on December 14, 2015, placed an order for "[the] [e]ntire transcript for 7/8/15, 7/29/15, 9/9/15, 11/4/15." The court reporter's acknowledgement of the transcript order, filed with this court on February 8, 2016, provides a total page estimate for three days of hearings of 445 pages. The box for an estimated number of pages for July 29, 2015, was left blank. On August 15, 2016, the defendant filed three transcripts for the proceedings that had occurred on July 8, 2015, September 9, 2015, and November 4, 2015. No transcript was filed for April 22, 2015, the first day of the hearing on the defendant's motion for contempt.

The defendant filed her appellate brief with this court on August 15, 2016. The plaintiff filed his brief on November 14, 2016, and, as his first argument, stated that this court should decline to review the defendant's claim because she failed to provide an adequate record. Specifically, the plaintiff claimed that there were four days of hearings and that this court had been provided with only three of the four necessary transcripts. The plaintiff identified the missing transcript as being the transcript from the April 22, 2015 hearing. The defendant did not file a reply brief addressing that first argument.

We have thoroughly reviewed the file, which contains more than 400 filings, to determine whether the court or the parties ever ordered a transcript of the April 22, 2015 proceedings, the first day of the hearing on the defendant's motion for contempt. At the July 8, 2015 hearing, the court stated that it had the April 22, 2015 transcript. The transcript in the file, however, is merely an excerpt from the April 22, 2015 hearing that sets forth the court's interim orders: "I'm going to stop the hearing and enter the following interim orders. *I'll order a transcript of these orders. The hearing is not concluded. These are only interim orders* that are being entered pursuant to the court's inherent authority to control its docket and to manage its proceedings. And the purpose of this order is to give me the information that I need to appropriately decide the motion for contempt." (Emphasis added.)

Following a discussion of preliminary matters on July

8, 2015, the parties were ready to proceed with their evidence. The court stated: "We left off with [the defendant] on the witness stand I believe. They're in cross-examination if I'm not mistaken. Is that correct?" The parties confirmed that the plaintiff's counsel had been cross-examining the defendant at the time the hearing had been stopped. Neither the excerpt from the April 22, 2015 hearing nor the transcript of the July 8, 2015 hearing discloses at what point the court stopped the hearing and entered interim orders. We do know that the defendant already had completed her direct testimony and was being cross-examined, and the list of exhibits shows that a few exhibits had been admitted by the court on April 22, 2015.

The lack of a full transcript from the April 22, 2015 hearing precludes our review of the defendant's claim on appeal. In its memorandum of decision, the trial court stated: "As for the defendant's claim for nonpayment of extracurricular activity costs, the defendant's incurrence of these costs without a meaningful prior discussion between the parties leads this court to conclude that the *expenses were not reasonably incurred under the facts and circumstances of this case.*" (Emphasis added.) What is reasonable under the circumstances is clearly an issue of fact. The court's decision provides no further explanation of what facts and circumstances the court relied on in reaching its conclusion. We do not have the defendant's testimony on direct examination or cross-examination from the April 22, 2015 hearing.

Judge Gordon's June 4, 2008 dissolution order, at issue in this case, also had been the subject of several prior disagreements and motions by the parties. It is possible that, in connection with the present motion for contempt, there had been testimony as to previous interactions between the parties relative to the children's extracurricular expenses. There may have been testimony as to how the parties had been interpreting the language "extracurricular summer camp and lessons" in the June 4, 2008 order.[3] Simply put, we do not know what was discussed, and we will not speculate as to the substance of the defendant's testimony.

Practice Book § 61-10 (a) provides: "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire record is complete, correct and otherwise perfected for presentation on appeal." "The general purpose of [the relevant] rules of practice . . . [requiring the appellant to provide a sufficient record] is to ensure that there is a trial court record that is adequate for an informed appellate review of the various claims presented by the parties." (Internal quotation marks omitted.) *State* v. *Donald*, 325 Conn. 346, 353–54, 157 A.3d 1134 (2017).

In *Crelan* v. *Crelan*, 124 Conn. App. 567, 571–72, 5

A.3d 572 (2010), this court determined that the plaintiff had provided an inadequate record for review because she had filed a transcript of the court's oral ruling and nothing else. In that case, the plaintiff only provided a transcript of the court's oral judgment rendered on the day following the trial, and never requested or provided a transcript of the prior day's proceedings. Id., 571. We concluded: "Under these circumstances, [w]e, therefore, are left to surmise or speculate as to the existence of a factual predicate for the trial court's rulings. Our role is not to guess at possibilities, but to review claims based on a *complete factual record* developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court, any decision made by us respecting the plaintiff's claims would be entirely speculative. . . . As it is not the function of this court to find facts, we decline to review this claim." (Citations omitted; emphasis added; internal quotation marks omitted.) Id., 571–72.

So too, in the present case, we are lacking a complete record of the trial court proceedings. The hearing was held over four days, but the defendant has provided only three days of transcripts. Accordingly, we decline to review the defendant's claim on appeal.

The judgment is affirmed.

[1] We also note that, to the extent the defendant has attempted to raise a legal question as to whether the language of the order at issue can be construed to require consultation before extracurricular expenses can be incurred, we decline to review such claim because it was inadequately briefed. The defendant failed to provide this court with an analysis as to the meaning and construction of the order in the dissolution judgment, including citations to relevant case law regarding interpretation of a court's judgment.

"It is well settled that [w]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Pryor* v. *Pryor*, 162 Conn. App. 451, 458, 133 A.3d 463 (2016).

[2] On July 8, 2015, the second day of the hearing, the court stated: "So this is a continuation that started on April 22, 2015, on the defendant's motion for contempt, motion number 409. We started the hearing. I stopped the hearing and ordered some documentation to be provided and exchanged to hopefully make this a more efficient process."

On September 9, 2015, the third day of the hearing, the court stated: "By my notes, this is the third day of a hearing on the defendant's motion for contempt, motion number 409, which was dated October 7, 2014. The first day was April 22, and the second day was July 8."

On November 4, 2015, the final day of the hearing, the court stated: "So this is day four of our hearing on motion number 409, the defendant's motion for contempt, which started on April 22, then to July 8, then to September 9."

[3] At oral argument before this court, the defendant stated that the order related to all of the children's extracurricular activities. The plaintiff argued it applied solely to expenses for summer camp and lessons. It appears that Judge Gordon's order may not have been clear and unambiguous to the parties.