******************************************

The ''officially released'' date that appears near the be-
ginning of each opinion is the date the opinion will be pub-
lished in the Connecticut Law Journal or the date it was
released as a slip opinion. The operative date for the be-
ginning of all time periods for filing postopinion motions
and petitions for certification is the ''officially released''
date appearing in the opinion.

All opinions are subject to modification and technical
correction prior to official publication in the Connecticut
Reports and Connecticut Appellate Reports. In the event of
discrepancies between the advance release version of an
opinion and the latest version appearing in the Connecticut
Law Journal and subsequently in the Connecticut Reports
or Connecticut Appellate Reports, the latest version is to
be considered authoritative.

The syllabus and procedural history accompanying the
opinion as it appears in the Connecticut Law Journal and
bound volumes of official reports are copyrighted by the
Secretary of the State, State of Connecticut, and may not
be reproduced and distributed without the express written
permission of the Commission on Official Legal Publica-
tions, Judicial Branch, State of Connecticut.
******************************************

DANA BERGER *v.* GUY DEUTERMANN ET AL.
(AC 42522)

Keller, Elgo and Lavery, Js.

*Syllabus*

The plaintiff sought to recover damages for breach of contract in connection with the purchase of certain real property owned by the defendants. Following a trial to the court, the trial court rendered judgment for the defendants. On appeal to this court, the plaintiff made numerous claims, including that the trial court's findings throughout the trial were based on fraudulent misrepresentations that the defendants presented as factual trial exhibits and were further supported by false testimony. *Held* that the plaintiff failed to provide an adequate record that would enable this court to review her claims on appeal; the plaintiff filed a form pursuant to the rules of practice (§§ 63-4 (a) and 63-8 (a)) in which she noted that she would not be ordering transcripts from the trial and, in the absence of the transcripts, this court could not evaluate the plaintiff's arguments in support of her appellate claims without resorting to speculation.

Argued February 10—officially released May 26, 2020

*Procedural History*

Action to recover damages for, inter alia, the defendants' alleged breach of contract, and for other relief, brought to the Superior Court in the judicial district of New London where the defendants filed a counterclaim; thereafter, the case was tried to the court, *Knox, J.*; judgment for the defendants on the complaint and in part for the plaintiff on the counterclaim, and the plaintiff appealed to this court. *Affirmed.*

*Dana Berger*, self-represented, the appellant (plaintiff).

*Lloyd L. Langhammer*, for the appellees (defendants).

*Opinion*

PER CURIAM. In this breach of contract action in connection with the attempted sale of real property by the defendants, Guy Deutermann and Diane Deutermann, the self-represented plaintiff, Dana Berger, appeals from the judgment of the trial court rendered in favor of the defendants on all counts of her complaint. She contends that the court (1) failed to recognize the defendants' fraudulent misrepresentations in trial exhibits, (2) improperly concluded that the roof of the property was properly installed, (3) failed to consider Diane Deutermann's answers to certain interrogatories that conflicted with Guy Deutermann's testimony, (4) improperly concluded that Guy Deutermann acted under an honestly held claim of right in retaining the plaintiff's deposit funds, and (5) improperly concluded that she failed to close on the purchase of the property and that the defendants rightfully retained her $12,000 deposit pursuant to the parties' agreement. We decline to reach the merits of the plaintiff's appeal due to an inadequate record. Accordingly, we affirm the judgment of the trial court.

The following facts, as found by the trial court, are relevant to the resolution of this appeal. On June 23, 2016, the parties entered into a purchase and sale agreement for a residential property at 5 Dunns Lane in Old Lyme (property). In accordance with General Statutes § 20-327b, the defendant sellers completed a residential property condition disclosure report, which indicated that the house was thirty-nine years old, with an oil generated heating system, central air, well water, ten year old roof with asphalt shingles, and fiberglass insulation. No further disclosures were made. Thereafter, the plaintiff hired Tiger Home & Building Inspections Group, Inc., to prepare an inspection report for the property, which was completed on June 27, 2016. The report indicated that multiple locations of the house were in need of repair, including: (1) a portion of the roof containing growth accumulation and discoloration that needed to be replaced, (2) a gap in the foundation of the garage floor, and (3) the chimney needed to be cleaned.

As a result of the inspection, the parties agreed to an inspection resolution addendum in July, 2016. The addendum set forth resolutions to the issues stated in the inspection report: "Issue 1: Roof . . . . Resolution: The [s]eller will pay [$8800] to re-roof affected portions, per the attached [p]roposal from Cris Construction, LLC . . . . Issue 2: Garage Foundation and Garage Floor . . . . Resolution: . . . The [s]ellers will, at [s]ellers' expense, have a licensed contractor . . . fill all the exterior and interior cracks/gaps in the garage foundation walls and the garage floor with concrete or bonding agent as appropriate. . . . Issue 3: Fireplace . . . . Resolution: The [s]eller will, at [sellers'] expense, have

a licensed chimney sweep/inspector: (a) clean and inspect the chimney and fireplace; (b) provide a written inspection that will be provided to the [b]uyer two (2) weeks prior to closing; (c) attempt to locate a clean-out portal, or confirm that there is none."[1]

The plaintiff claims that the defendants' failure to address, to her satisfaction, the issues set forth in the addendum constitutes a breach of contract by the defendants. As a result, she commenced this action. On March 29, 2018, the plaintiff filed a request for leave to amend her complaint along with the proposed amended complaint, which the court granted on April 25, 2018. In the amended complaint, she asserted that the defendants breached the contract by "(a) [n]ot hiring Cris Construction, LLC, to perform the roof work as agreed, but rather someone else, who then failed to adhere to the shingle manufacturer's installation instructions when performing the work; (b) [n]ot having the chimney cleaned of creosote as agreed, but rather simply having the fireplace 'broom swept'; [and] (c) [n]ot hiring a licensed contractor as agreed to repair the garage foundation walls and floor, affix molding or siding, but rather attempting to perform those repairs personally." The amended complaint also included one count of negligent misrepresentation as to both defendants, six counts of fraudulent misrepresentation as to Guy Deutermann, and one count of civil theft as to Guy Deutermann pursuant to General Statutes § 52-564. The defendants filed an answer and counterclaim, asserting that the plaintiff breached her obligations under the contract by (1) failing to accept the completed, reparative work, (2) failing to comply with the time limits and notice provisions of the contract, and (3) refusing to close on the purchase price of the property.

On November 6 through 8, 2018, the trial court heard argument and testimony. Thereafter, on January 7, 2019, the court issued its memorandum of decision rendering judgment for the defendants on all counts of the plaintiff's complaint and partially for the defendants on their counterclaim.[2] This appeal followed. Additional facts and procedural history will be set forth as necessary.

Our analysis of this appeal begins and ends with our consideration of the adequacy of the record provided by the plaintiff. After examining the record provided to us, we conclude that the plaintiff has failed to provide an adequate record that would enable our review of her claims on appeal. In the present case, the trial occurred over three days. The plaintiff contends in her brief that the court's findings throughout trial were based on "fraudulent misrepresentation[s] which the defendants presented as factual trial exhibits, and [were] further supported by false testimony." On February 4, 2019, however, she submitted a JD-ES-38 form pursuant to Practice Book §§ 63-4 (a)[3] and 63-8 (a),[4] on which she noted that she would not be ordering

transcripts from the three day trial. In the absence of the transcripts, we cannot evaluate the plaintiff's arguments in support of her appellate claims without resorting to speculation. See, e.g., *Vasquez* v. *Rocco*, 267 Conn. 59, 71–73, 836 A.2d 1158 (2003) (concluding that plaintiff failed to provide adequate record regarding whether trial court's ruling precluding plaintiff from adducing certain evidence on cross-examination was harmful). As such, we decline to review the plaintiff's claims. See *Buehler* v. *Buehler*, 175 Conn. App. 375, 382, 167 A.3d 1108 (2017) (this court would not surmise, speculate, or guess at factual predicate for trial court's rulings and declined to review appellate claim when defendant failed to provide complete record of trial court proceedings); *Calo-Turner* v. *Turner*, 83 Conn. App. 53, 56–57, 847 A.2d 1085 (2004) (same); see generally *Rice* v. *Housing Authority*, 129 Conn. App. 614, 617–19, 20 A.3d 1270 (2011) (this court unable to determine whether evidence supported plaintiff's arguments regarding granting of motion to set aside verdict when no transcripts had been filed).

Practice Book § 61-10 (a) provides: "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire record is complete, correct and otherwise perfected for presentation on appeal." "This court does not presume error on the part of the trial court; error must be demonstrated by an appellant on the basis of an adequate record." (Internal quotation marks omitted.) *Lucarelli* v. *Freedom of Information Commission*, 136 Conn. App. 405, 410, 46 A.3d 937, cert. denied, 307 Conn. 907, 53 A.3d 222 (2012). "The general purpose of [the relevant] rules of practice . . . [requiring the appellant to provide a sufficient record] is to ensure that there is a trial court record that is adequate for an informed appellate review of the various claims presented by the parties." (Internal quotation marks omitted.) *Buehler* v. *Buehler*, supra, 175 Conn. App. 382. "[A]n appellate tribunal cannot render a decision without first fully understanding the disposition being appealed. . . . Our role is not to guess at possibilities, but to review claims based on a complete factual record . . . . Without the necessary factual and legal conclusions . . . any decision made by us respecting [the claims raised on appeal] would be entirely speculative." (Internal quotation marks omitted.) *Cianbro Corp.* v. *National Eastern Corp.*, 102 Conn. App. 61, 72, 924 A.2d 160 (2007). "If an appellant fails to provide an adequate record, this court may decline to review the appellant's claim." *Federal National Mortgage Assn.* v. *Buhl*, 186 Conn. App. 743, 753, 201 A.3d 485 (2018), cert. denied, 331 Conn. 906, 202 A.3d 1022 (2019). "[A]lthough we afford self-represented parties some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Lucarelli*

v. *Freedom of Information Commission,* supra, 410.

The judgment is affirmed.

[1] The inspection resolution addendum also included (1) the removal of a dead-ended wire in the basement rafters, (2) the servicing of the home's heating system to seal the boiler flue joint to the chimney, and (3) the removal of a wooden shed from the back of the property. The defendants and their contractors timely addressed each of these additional items; they are not pertinent to this appeal.

[2] The court held that the defendants rightfully retained the plaintiff's $12,000 deposit. In reference to the defendants' counterclaim, which asserted that the plaintiff was in default by refusing to close on the purchase price of the property, the court stated: "The court does not find a wrongful withholding of the deposit. Rather, the defendant was acting under an honestly held claim of right to the funds pursuant to the parties' agreement and based on the buyer's default by her failure to close on the property.

* * *

"The court finds . . . that the plaintiff failed to close on the purchase of the property and is in default and the [defendants] rightfully retained the $12,000 deposit, pursuant to the terms of the agreement." Thereafter, the court ruled in favor of the plaintiff in regard to the defendants' request for attorney's fees. We, therefore, conclude that the judgment file issued on July 8, 2019, in which the court stated that it "entered judgment . . . for the plaintiff on the defendants' counterclaim," was a scrivener's error.

[3] Practice Book § 63-4 (a) provides in relevant part: "Within ten days of filing an appeal, the appellant shall also file with the appellate clerk . . . (2) A certificate stating that no transcript is deemed necessary, or a copy of the transcript order acknowledgement form (JD-ES-38) with section I thereof completed, filed with the official reporter pursuant to Section 63-8. . . ."

[4] Practice Book § 63-8 (a) provides in relevant part: "On or before the date of the filing of the Section 63-4 papers, the appellant shall, subject to Section 63-6 or 63-7 if applicable, order, using form JD-ES-38 . . . a transcript of the parts of the proceedings not already on file which the appellant deems necessary for the proper presentation of the appeal. . . ."