******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

J. C.-S. *v.* J. G.*
(AC 47655)

Elgo, Moll and Seeley, Js.

*Syllabus*

The plaintiff appealed from the trial court's judgment denying his application for a civil protection order against the defendant. The plaintiff claimed, inter alia, that the court violated his right to self-representation by limiting the manner in which he was permitted to present evidence in support of his application. *Held*:

This court declined to address the merits of the plaintiff's claims because he failed to provide this court with an adequate record pursuant to the rule of practice (§ 61-10 (a)), as, instead of providing the complete transcript from the hearing on the application, he provided only self-selected excerpts.

Submitted on briefs January 15—officially
released February 11, 2025

*Procedural History*

Application for a civil protection order, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the court, *Hon. John F. Kavanewsky, Jr.*, judge trial referee, denied the application, and the plaintiff appealed to this court. *Affirmed.*

*J. C.-S.*, self-represented, filed a brief as the appellant (plaintiff).

*Opinion*

PER CURIAM. The self-represented plaintiff, J. C.-S., appeals from the judgment of the trial court denying his application for a civil protection order against the

---

* In accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2018), as amended by the Violence Against Women Act Reauthorization Act of 2022, Pub. L. No. 117-103, § 106, 136 Stat. 49, 851; we decline to identify any person protected or sought to be protected under a protection order, protective order, or a restraining order that was issued or applied for, or others through whom that person's identity may be ascertained.

defendant, J. G., pursuant to General Statutes § 46b-16a.[1] The plaintiff's claims on appeal distill into two parts, namely, whether the court (1) erred in ruling, in the absence of a motion for protective order, that the defendant and a nonparty witness were not required to testify or produce documents pursuant to subpoenas that had issued and had been served, and (2) violated the plaintiff's right to self-representation by limiting the manner in which he was permitted to present evidence in support of his application.[2] We decline to address the merits of these claims because the plaintiff has failed to provide this court with an adequate record. Thus, we affirm the judgment of the trial court.

The record reflects the following facts and procedural history. On March 8, 2024, pursuant to § 46b-16a, the plaintiff filed an application for a civil protection order. In his application and the unsworn statement filed therewith, the plaintiff alleged that the defendant was stalking him and causing him to fear for his safety. On that same day, the court, *Vizcarrondo, J.*, scheduled a hearing, having found that the allegations of the plaintiff's unsworn statement satisfied the requirements of

---

[1] The defendant did not file a brief or otherwise participate in the present appeal.

[2] The plaintiff also claims that the court erred in denying his motions for contempt, which were filed on April 30 and May 2, 2024, and were directed to the defendant and a nonparty witness. That claim is not properly before us. On May 20, 2024, the plaintiff filed the present appeal. The court denied the motions for contempt on June 5 and May 21, 2024, respectively.

Practice Book § 61-9 provides in relevant part: "If the trial court issues an additional decision after an appeal has been filed that the appellant wants to appeal, the appellant shall file an amended appeal within twenty days from the issuance of notice of the decision as provided for in Section 63-1. . . ."

The plaintiff did not file an amended appeal to include a claim regarding the denial of his motions for contempt. Accordingly, we need not review that claim. See *Jewett* v. *Jewett*, 265 Conn. 669, 673 n.4, 830 A.2d 193 (2003); *Worth* v. *Commissioner of Transportation*, 135 Conn. App. 506, 508 n.2, 43 A.3d 199, cert. denied, 305 Conn. 919, 47 A.3d 389 (2012).

§ 46b-16a (a).[3] On April 29, 2024, the court, *Hon. John F. Kavanewsky, Jr.*, judge trial referee, conducted the hearing, at which the defendant was represented by counsel. At the conclusion of the hearing, the court denied the application. This appeal followed.

Practice Book § 61-10 (a) provides: "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire record is complete, correct and otherwise perfected for presentation on appeal." "The general purpose of [the relevant] rules of practice . . . [requiring the appellant to provide a sufficient record] is to ensure that there is a trial court record that is adequate for an informed appellate review of the various claims presented by the parties. . . . This court also has explained that [a]n appellate tribunal cannot render a decision without first fully understanding the disposition being appealed. . . . Our role is not to guess at possibilities, but to review claims based on a complete factual record . . . . Without the necessary factual and legal conclusions . . . any decision made by us respecting [the claims raised on appeal] would be entirely speculative." (Citation omitted; internal quotation marks omitted.) *R & P Realty Co.* v. *Peerless Indemnity Ins. Co.*, 193 Conn. App. 374, 379, 219 A.3d 429 (2019).

In this appeal, the plaintiff has presented claims that require us to have a complete and accurate picture of

[3] General Statutes § 46b-16a (a) provides in relevant part: "Any person who has been the victim of . . . stalking may make an application to the Superior Court for relief under this section, provided such person has not obtained any other court order of protection arising out of such . . . stalking and does not qualify to seek relief under section 46b-15. As used in this section, 'stalking' means two or more wilful acts, performed in a threatening, predatory or disturbing manner of: Harassing, following, lying in wait for, surveilling, monitoring or sending unwanted gifts or messages to another person directly, indirectly or through a third person, by any method, device or other means, that causes such person to reasonably fear for his or her physical safety."

what occurred during the hearing. The plaintiff has not provided this court, however, with a complete transcript of the hearing, opting instead to provide only self-selected excerpts.[4] In the absence of a complete transcript, we would have to resort to speculation in order to evaluate the plaintiff's claims, which we decline to do. See id., 380 (this court declined to review appellate claim where plaintiffs provided only partial trial transcript); *Buehler* v. *Buehler*, 175 Conn. App. 375, 382, 167 A.3d 1108 (2017) (this court declined to review appellate claim because defendant failed to provide complete transcript of relevant hearing); *Calo-Turner* v. *Turner*, 83 Conn. App. 53, 56–57, 847 A.2d 1085 (2004) (this court declined to review appellate claim where defendant failed to provide complete transcript of trial proceedings). Accordingly, we decline to review the plaintiff's claims.

The judgment is affirmed.

_____

---

[4] Notably, the plaintiff's transcript order form instructs the court reporter's office in part that "[t]he [defendant's] counsel shouldn't be on the transcript . . . ."